UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose RUVALCABA, Defendant–Appellant.

No. 93–1714.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 10, 1993.

Decided Oct. 29, 1993.

Manuel P. Guerrero, St. Paul, MN, argued, for defendant-appellant.

Jeffrey S. Paulsen, Asst. U.S. Atty., Minneapolis, MN, argued, for plaintiff-appellee.

Before JOHN R. GIBSON, MAGILL, and LOKEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Jose Ruvalcaba appeals from his ten-year sentence imposed following his guilty plea of conspiracy to possess with the intent to distribute marijuana, later determined to exceed 100 kilograms, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) (1988). He argues that he did not have actual notice of the government's intent to rely on an earlier conviction before he pled guilty, and that the evidence was insufficient to show he participated in a conspiracy to distribute in excess of 100 kilograms of marijuana. We affirm the judgment of the district court.[1]

Ruvalcaba was initially charged with Joseph Sandoval and Rigoberto Villalpando in a two-count indictment following their delivery of 98 pounds of marijuana to a government informant. This indictment followed a government investigation that included numerous recorded telephone conversations between the informant and Sandoval in which

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

they discussed the delivery of 500 pounds of marijuana. Later, the government filed a Prior Conviction Notice as required by 21 U.S.C. § 851 stating their intent to seek a sentencing enhancement based on Ruvalcaba's prior conviction for marijuana trafficking.

Five days later, Ruvalcaba pleaded guilty to conspiracy to possess with intent to distribute marijuana, leaving the question of the amount of drugs involved in the offense to be determined by the court. The district court held a sentencing hearing to determine the amount of marijuana involved in the offense. At the sentencing hearing, Ruvalcaba's counsel informed the court that he had not talked with Ruvalcaba about the government's notice to seek a sentencing enhancement based on Ruvalcaba's prior conviction. The district judge allowed a recess, after which Ruvalcaba's counsel informed the court that he had discussed the applicability of 21 U.S.C. §§ 841 and 851 with Ruvalcaba. Ruvalcaba then affirmed on the record his prior conviction for possession with intent to distribute approximately 35 pounds of marijuana.

The court concluded that the negotiated amount of marijuana was 500 pounds. The court found that Ruvalcaba was fully aware of the negotiations for the sale of 500 pounds, as evidenced by the recorded telephone conversations admitted as evidence and the testimony of the co-defendant, Sandoval. Ruvalcaba received mandatory minimum ten-year sentence based on his prior conviction and the negotiated quantity of 500 pounds.

Ruvalcaba argues that he lacked actual knowledge of the government's intent to seek a sentencing enhancement based on his prior conviction. He contends, in an affidavit filed with this court, that he did not know about the resulting mandatory ten-year minimum and would not have pleaded guilty if he had known.[2] Moreover, he contends this lack of notice violates our decision in *United States v. Johnson*, 944 F.2d 396, 407 (8th Cir.1991), cert. denied, *Johnson v. United States*, —— U.S. ——, 112 S.Ct. 646, 116 L.Ed.2d 663 (1992).

■ The record does not support Ruvalcaba's claim. Three times Ruvalcaba was notified of the government's intent to use his prior conviction to seek a ten-year minimum sentence. First, Ruvalcaba concedes that the prosecution filed a Prior Conviction Notice pursuant to 21 U.S.C. § 851 five days before the plea hearing.[3] This notice conveyed the government's intent to seek a sentencing enhancement based on Ruvalcaba's prior conviction. Second, Ruvalcaba signed a written plea agreement which expressly stated that a ten-year minimum sentence would apply if the court determined that the transaction exceeded 100 kilograms of marijuana.[4] Third, during the change of plea hearing, the judge twice advised Ruvalcaba of the applicable ten-year minimum sentence.[5] Ruvalcaba's difficulty with the English language adds nothing to his argument, insofar as a duly sworn interpreter was provided at both the entry of plea and sentencing hearings.

■ Ruvalcaba next argues that there is insufficient evidence to show that he participated in a conspiracy to distribute in excess of 100 kilograms of marijuana. He states that his involvement was limited to the delivery of 98 pounds to the government infor-

---

**2.** The government urges that this affidavit should not be considered by this court. We need not decide this issue in light of our holding that Ruvalcaba had ample notice.

**3.** This fact distinguishes this case from the *Johnson* dicta relied on by Ruvalcaba. 944 F.2d at 407. In *Johnson*, the court considered only the proper timing of a notice under section 851. *Id.* In this case, it is undisputed that the government fully complied with its obligation to file a timely notice.

**4.** The relevant provision provides in part:
3. *Penalties.* In the event the relevant conduct is determined to exceed 100 kilograms of marijuana, the statutory penalty is a minimum of 10 years imprisonment up to a maximum of life imprisonment.... The mandatory minimum is 10 years rather than 5 because the defendant has a prior felony drug conviction.

**5.** For example, at one point the following dialogue occurred:

Court: You understand at least under the government's view of how much marijuana is involved, the maximum possible sentence is a minimum of ten years up to a maximum of life imprisonment?
Ruvalcaba: Yes.

mant, and thus, his sentence should be based only on that amount.

█ When a conspiracy to supply drugs exists, the conspirators' criminal liability is determined by the amount of drugs promised or negotiated, not the amount contained in a particular delivery. *United States v. Riascos*, 944 F.2d 442, 445 (8th Cir.1991); *see* United States Sentencing Commission, *Guidelines Manual*, § 2D1.1, comment. (n. 12) (Nov. 1992) ("In an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount."). The district court's determination as to quantity of drugs will not be upset unless clearly erroneous. *United States v. Smiley*, 997 F.2d 475, 481 (8th Cir. July 7, 1993); *United States v. Alexander*, 982 F.2d 262, 267 (8th Cir.1992).

The district court concluded that the conspiracy encompassed the delivery of 500 pounds of marijuana. The court based its conclusion on Sandoval's testimony that he had agreed with Ruvalcaba to provide 500 pounds of marijuana, as well as the tape-recorded conversations which contained discussions of the 500 pounds. Ruvalcaba's contrary claim that his involvement in the transaction was limited to 98 pounds presented a factual issue in which his credibility played a central role. The numerous inconsistencies in Ruvalcaba's own testimony lend ample support to the district court's decision to discredit his testimony regarding the scope of his involvement. After Ruvalcaba testified that he had previously sold only one or two pounds of marijuana at a time, the government impeached him with his 1989 conviction for marijuana trafficking involving 35 pounds of marijuana. Ruvalcaba also conceded the falsity of his initial assertion that he had not supplied marijuana to Sandoval on prior occasions. Furthermore, Ruvalcaba initially denied knowing of Sandoval's intent to distribute 500 pounds of marijuana, but later admitted that Sandoval discussed the amount with him. Thus, the district court's finding of a conspiracy to distribute 500 pounds of marijuana was not clearly erroneous.

We affirm the judgment of the district court.