21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Kevin M. CARTER, Appellant.
 No. 93-3349.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 29, 1994.
Filed: April 14, 1994.
 
 Appeal from the United States District Court for the Western District of Missouri.
 W.D.Mo.
 AFFIRMED.
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kevin Carter appeals his 235-month sentence imposed by the district court[1] after he pleaded guilty to conspiring to distribute and to possess with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(A), and 846. We affirm.
 
 
 2
 According to the presentence report (PSR), Carter actually delivered 3 kilograms of cocaine during the conspiracy, and negotiated the delivery of an additional 20 kilograms. The PSR thus indicated a base offense level of 34 based on 23 kilograms of cocaine; a two-level enhancement for possessing a 9mm handgun during a drug transaction; a two-level enhancement for being an organizer and supervisor; a two level obstruction-of-justice enhancement for threatening to kill a codefendant; and a three-level acceptance-of-responsibility reduction. The ensuing total offense level of 37, combined with Carter's criminal history category of II, resulted in a Guideline range of 235 to 293 months.
 
 
 3
 At sentencing, Carter argued he was responsible for only 3 kilograms of cocaine during the course of the conspiracy, and there was nothing to indicate his agreement, intention, or ability to produce the 20 kilograms of cocaine. He argued that there were no prices or locations mentioned and that FBI agents believed he was a braggart who was incapable of producing 20 kilograms. He also challenged the imposition of a leadership-role enhancement. Two FBI agents testified and the government introduced various tape-recorded conversations between Carter and his co-conspirators. Carter did not testify or present any evidence.
 
 
 4
 The court found that Carter was a "middle-management-and-above player in this conspiracy," that Carter carried a handgun as part of the way he did business, and that Carter had the ability-and had himself stated he had the ability-to produce the amount of cocaine that participants in the conspiracy sought. The court thus adopted the PSR's recommendations, and sentenced Carter to 235 months imprisonment and five years supervised release.
 
 
 5
 On appeal, Carter argues the district court erred in holding him responsible for the additional 20 kilograms of cocaine, and in imposing the leadership-role enhancement.
 
 
 6
 "In an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount [unless] the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount...." U.S.S.G. Sec. 2D1.1, comment. (n.12). In a conspiracy to supply drugs, the conspirators' liability is determined by the drug amount promised or negotiated, and the district court's determination as to drug quantity will not be disturbed unless clearly erroneous. United States v. Ruvalcaba, 9 F.3d 41, 43 (8th Cir. 1993), petition for cert. filed, U.S.L.W. (U.S. Feb. 4, 1994) (No. 93-7802). Here, agents testified Carter and his co-conspirators negotiated a deal involving 20 kilograms of cocaine, a price of $320,000, and a two-week time frame. Their testimony also established that Carter's codefendants believed he was capable of producing this amount. Carter himself repeatedly stated he was capable of producing this amount, both in taped conversations with codefendants and directly to the undercover agent. Carter presented no evidence to the contrary. We conclude the government met its burden of proof, see United States v. Smiley, 997 F.2d 475, 481 (8th Cir. 1993) (government bears burden of proving drug quantity by preponderance of evidence), and the court did not err.
 
 
 7
 Similarly, the court did not err in imposing a two-level enhancement for Carter's role in the offense. A district court may increase a defendant's offense level by two levels if "the defendant was an organizer, manager, or supervisor in any criminal activity" which does not fit the definitions for higher increases. U.S.S.G. Sec. 3B1.1(c). The definition of leadership or organizational role is broad, and the district court's finding on this issue will not be reversed unless clearly erroneous. See United States v. Horne, 4 F.3d 579, 590 (8th Cir. 1993), cert. denied, 114 S. Ct. 1121 (1994). Carter stated both in taped conversations and directly to the undercover agent that he was the person who would have to approve any deal and that all deals must go through him. Agents testified that Carter appeared to be directing activities, and several of Carter's codefendants told agents that Carter recruited them.
 
 
 8
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri