# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50139

SEALED APPELLEE,

Plaintiff - Appellee

v.

SEALED APPELLANT,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
June 7, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-91

Before DENNIS, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

## FACTUAL SUMMARY

The appellant (JA-L)[1] was charged in a superseding indictment with transporting his daughter, a minor under age 12, from Texas to Mexico and engaging in a sexual activity with her in violation of 18 U.S.C. § 2423(a) and 18 U.S.C. § 2241(c). JA-L was found guilty on both counts after a jury trial.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] This case has been sealed by court order. Thus, we will refer to the parties by initials or fictitious names.

The district court denied JA-L's request for a downward departure and sentenced him, pursuant to the advisory Guidelines, to two concurrent terms of life imprisonment to be followed by concurrent lifetime terms of supervised release. JA-L appeals his conviction and sentence. We affirm.

## DISCUSSION

*I. Sufficiency of the evidence of criminal intent.*

JA-L asserts that there was insufficient evidence to prove beyond a reasonable doubt the intent element of each of the crimes. Because JA-L properly preserved his challenge to the sufficiency of the evidence, we review this issue de novo. *See United States v. Winkler,* 639 F.3d 692, 696 (5th Cir. 2011). Evidence will be deemed sufficient to convict if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). In making this inquiry, "[w]e view the evidence in the light most favorable to the verdict and indulge all reasonable inferences in favor of the verdict." *United States v. Mulderig*, 120 F.3d 534, 546 (5th Cir. 1997). Further, "we apply a rule of reason, knowing that the jury may properly rely on their common sense and evaluate the facts in light of their knowledge of the natural tendencies and inclinations of human beings." *Id.* at 547 (internal quotation marks and citation omitted). A defendant who challenges the sufficiency of the evidence "swims upstream." *Id.* at 546.

JA-L was charged with two counts in a superseding indictment. Count 1 was the violation of § 2423(a), which prohibits knowingly transporting an individual under the age of 18 in interstate or foreign commerce "with intent that the individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense. . . ." *See* 18 U.S.C. §

2423(a). Count 2 was the violation of § 2241(c), which prohibits crossing a "State line with intent to engage in a sexual act with a person who has not attained the age of 12 years. . . ." *See* 18 U.S.C. § 2241(c).

JA-L asserts that the Government failed to present sufficient evidence to prove that he transported the victim with the intent to commit a sexual act. Both §§ 2241(c) and 2423(a) require that the defendant had the intent of engaging in sexual activity with a minor.

This court has addressed the elements of § 2423 by reference to the Mann Act. *See United States v. Campbell*, 49 F.3d 1079, 1081-82 (5th Cir. 1995). Section 2423(a) makes it a crime to "knowingly transport[ ] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a). Transporting a victim across a state line with the intent to engage in unlawful sexual activity is an element of the offense. *United States v. Lewis*, 796 F.3d 543, 547 (5th Cir. 2015). While the intent to engage in criminal sexual activity need not be the sole purpose of the transportation, it "must be the dominant motive" of the travel. *See Mortensen v. United States*, 322 U.S. 369, 374 (1944). *See also United States v. Hitt*, 473 F.3d 146, 152 (5th Cir. 2006) ("engaging in illicit sexual activity was 'one of the efficient and compelling purposes of the travel.'"); *Campbell*, 49 F.3d at 1082.

Relevant here, an offense under § 2241(c) is committed when a person "crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years. . . ." 18 U.S.C. § 2241(c). This court has not yet defined the elements of a § 2241(c) offense nor decided what is necessary to prove the intent element of the offense. But the Third, Ninth and Tenth Circuits have held that the offense has three elements: (1) the crossing

of a state line; (2) with the intent to engage in a sexual act with a minor under the age of 12 years; (3) and either performing or attempting to perform the act. *United States v. Lukashov*, 694 F.3d 1107, 1121 (9th Cir. 2012) ("The essential conduct elements [of § 2241(c)] are (1) crossing a state line, (2) with intent to engage in a sexual act with a child, and (3) engaging in or attempting to engage in a sexual act with a child."); *United States v. King*, 604 F.3d 125, 139 (3d Cir. 2010) ("The offense of interstate transportation to engage in sex with a minor contains three elements: (1) crossing interstate lines; (2) with the intent to engage in a sexual act with a minor; and (3) either performing or attempting to perform the act."); and *United States v. Cryar*, 232 F.3d 1318, 1322 (10th Cir. 2000) (Government must show defendant "crossed state lines with the intent to engage in a sexual act with a child under twelve, and that he attempted to do so."). In *Cryar*, the Tenth Circuit considered a claim that the evidence was insufficient to support the intent element of this offense and, in analyzing the claim, echoed *Mortensen's* holding that the illicit sexual activity need not be the sole purpose for traveling across state lines but had to be one of the "efficient and compelling" or dominant purposes for doing so. *Cryar*, 232 F.3d at 1324. The Ninth Circuit, citing *Cryar*, has used the same inquiry. *Lukashov*, 694 F.3d at 1119 ("dominant, significant, or motivating purpose").

These cases are persuasive authority on the intent element of the offense under § 2241(c). Further, the language of both 2423(a) and 2241(c) requires a defendant to do an act with the intent of engaging in illicit sexual activity with a minor. 18 U.S.C. § 2423(a) (transporting a minor in interstate or foreign commerce with such intent); 18 U.S.C. § 2241(c) (crossing a state line with such intent). Therefore it is logical to make the same inquiry when considering the sufficiency of the evidence to support the intent element of either offense. Moreover, the court's instruction to the jury echoed *Mortensen's* dominant-

purpose inquiry on intent, and JA-L does not challenge that instruction on appeal.

The following evidence was presented at trial. JA-L was married to VG, and Jane Doe is the eldest of their three children. The family lived in Del Rio, Texas. The couple had a tumultuous marriage and separated multiple times only to later reconcile. During those short-term separations, VG would take the children and go stay at JA-L's mother's house in Acuna, Mexico, which is just across the border from Del Rio. The couple permanently separated in December 2013. For a time, both JA-L and VG remained in Del Rio, and VG had a boyfriend. In mid-January 2014, JA-L moved to Greenville, Texas, and, in mid-March 2014, VG moved to Midland, Texas, with the three children.

Between December 2013 when the couple separated and March 2014 when VG moved to Midland, JA-L would pick the children up approximately once a month on a Friday after school and take them to Acuna for the weekend to visit his mother and sisters. According to JA-L, the reason he took the children to his mother's house in Mexico was because he no longer had a house in Del Rio where he could visit with them. On Sunday evenings, either VG, her father, or her aunt would pick the children up in Mexico and bring them home.

During a visit in January 2014, JA-L and VG fought when JA-L saw bruising on VG's neck that she had sustained during an amorous encounter with another man. During that argument, JA-L threatened to file for divorce, sue for custody of the children and report VG to the government for receiving illegal benefits.

On Friday, February 21, 2014, JA-L met VG at a McDonald's restaurant in Del Rio to begin his monthly visit. According to VG, Doe did not want to go with her father for the weekend, but JA-L insisted that he had a right to see

her. When Doe got into the car, VG saw JA-L pointing and waving his hand in an accusatory manner at Doe, who was in the backseat. When VG went to the car to see if everything was alright, JA-L "just smirked, smiled and said nothing is wrong, I'm just asking if she still loves me." To VG, Doe appeared scared. At the time of that trip, JA-L already knew that VG would be moving to Midland with the children the following month.

In April 2014, approximately a month after VG had moved the children to Midland and enrolled them in school there, Doe disclosed to VG that JA-L had sexually abused her. VG reported the information to the police in Del Rio and took Doe to the hospital in Midland for a physical examination. Cori Armstead, the nurse who conducted the examination of Doe, concluded that the physical examination of Doe's genital area supported Doe's claim that she had been sexually assaulted. Armstead testified regarding the following statements that Doe made during that examination. JA-L first sexually assaulted Doe when she was eight years old, and he had assaulted her many times. When VG would leave for work, JA-L would grab Doe by the feet and drag her to another room or he would simply pick her up to carry her and then drop her on the bed. JA-L last had sex with Doe when the family stayed at Doe's grandmother's house in Mexico. Her father had penetrated her vaginally and had given her half of a pill to take when he had finished. JA-L threatened to kill Doe if she revealed the abuse, and Doe felt she could not tell anyone about the abuse because her father was always around. After the last occurrence of sexual abuse, Doe did not return to Mexico anymore because of the problems between VG and JA-L.

Doe testified briefly that JA-L had vaginally penetrated her and that it had last happened at her grandmother's house in Mexico. She confirmed that she had told VG of the abuse and declared that she did not want to live with

JA-L anymore. She also said that JA-L would continually send her text messages stating that he loved her and asking whether she had told anybody about what they had done.

JA-L does not assert that he has never sexually assaulted Doe, that he did not transport her to Mexico, or that she had not yet attained the age of 12. Rather, JA-L contends that there was insufficient evidence to prove that when he crossed the border into Mexico, transporting Doe with him, he did so with the intent to engage in illicit sexual activity with Doe.

In support of his argument, JA-L states that the evidence shows that he was residing at his mother's house in Acuna at the time of Doe's last visit to Mexico because he did not have a place to live in Del Rio. JA-L did testify to that effect. The record more accurately reflects, however, that JA-L was living in Greenville from January to April of 2014. He maintains that the normal post-separation routine was for him to spend his visitation weekends in Acuna at the home of either his sister or mother. He points out that VG had regularly taken the children and stayed with his mother in Acuna during their separations. He further points out that VG never objected to him taking the children to Mexico to exercise his visits.

Criminal intent may be "demonstrated by direct or circumstantial evidence that allows an inference of an unlawful intent, and not every hypothesis of innocence need be excluded." *United States v. Aggarwal*, 17 F.3d 737, 740 (5th Cir. 1994); *see United States v. Bennett*, 258 F. App'x 671, 683 (5th Cir. 2007) (applying *Aggarwal* in an appeal from a § 2423(a) conviction). This court considers "whether the inferences drawn by a jury were rational, as opposed to being speculative or insupportable." *United States v. Vargas-Ocampo*, 747 F.3d 299, 302 (5th Cir. 2014).

VG's acquiescence in the trips to Mexico has no bearing on JA-L's intent at the time he brought Doe into Mexico for that last visit. Viewed in the light most favorable to the verdict, the evidence indicated that JA-L had been having sexual intercourse with Doe for several years and in her mother's absence. JA-L knew at the time of the last trip to Mexico that VG would be moving to Midland and taking the children with her. JA-L vaginally penetrated Doe while in Mexico, and Doe's paternal grandmother stayed in Del Rio that weekend.

From these facts, a rational factfinder could infer that, despite any alternative innocent reasons JA-L may have had for crossing into Mexico with Doe, getting Doe away from her mother in order to have sexual intercourse again before she moved away to Midland was a dominant, i.e., efficient and compelling, purpose for the trip. *See Mortensen*, 322 U.S. at 374; *Hitt*, 473 F.3d at 152. Thus, there was sufficient evidence to support the intent element of the crimes of conviction. *See Jackson*, 443 U.S. at 319.

The defense's theory at trial was that when JA-L threatened VG with divorce, a custody suit, and turning her in for welfare fraud, she became scared and coached Doe into accusing JA-L of sexual abuse. The evidence showed that JA-L filed for divorce on March 12, 2014, and that he was arrested in this case on April 16, 2014. However, the evidence also showed that Doe consistently repeated the same version of events, that the medical examination revealed injuries consistent with sexual abuse, and that Doe said she had never told anyone about the abuse because her father was always around. Doe did not tell her mother about the abuse until her parents had separated permanently, she had moved to another city with her mother, she had enrolled in a new school, and her father was no longer always around.

For these reasons, we conclude that there is sufficient evidence in the record from which a rational juror could have found beyond a reasonable doubt that JA-L had the criminal intent required for a conviction under § 2423(a) and under § 2241(c). *See Jackson*, 443 U.S. at 319.

*II. Sufficiency of the evidence that a state line was crossed under section 2241(c).[2]*

JA-L asserts that there was insufficient evidence to prove that he crossed a state line under § 2241(c). The relevant portion of the statute says that "[w]hoever crosses a State line." *See* 18 U.S.C. § 2241(c). Section 2241(c) is found in Title 18, Part I, Chapter 109A of the United States Code. The definitions for Chapter 109A do not include a definition for "state line." *See* 18 U.S.C. § 2246.

"State line" has also not been defined in cases. In *United States v. Irving*, 452 F.3d 110, 114, 116 (2d Cir. 2006), the defendant was convicted under § 2241(c) for having traveled to Honduras for the purpose of engaging in sexual acts with children under the age of 12 years. Irving presented a claim of evidentiary insufficiency on that count of conviction, but the claim focused on the evidence used to prove his criminal intent. *See id.* at 117-19. The Second Circuit had no occasion to discuss whether it was legally sufficient that Irving, who lived in New York, had traveled to another country rather than another state with the requisite criminal intent. Other courts have referenced "interstate travel" in deciding cases that, indeed, involved "interstate travel."

---

[2] The Government, citing the unpublished case of *United States v. Job*, 387 F. App'x 445, 456 (5th Cir. 2010), asserts that JA-L's Rule 29 motions were insufficient to alert the Government or the district court to the argument he now makes on appeal. Thus, the Government contends we should review this claim only for a manifest miscarriage of justice. We disagree and conclude that JA-L's Rule 29 motion challenged the sufficiency of the evidence that he crossed state lines for purposes of section 2241(c). Thus, de novo review is appropriate. *See United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007).

*See United States v. DeCarlo*, 434 F.3d 447, 449 (6th Cir. 2006); *United States v. Farley*, 607 F.3d 1294, 1325 (11th Cir. 2010); and *King*, 604 F.3d at 139.

However, to determine the meaning, we need only look to the plain language of the statute. *United States v. Dison*, 573 F.3d 204, 207 (5th Cir. 2009). Section 2241(c) merely says "crosses a State line" and in no way references into or out of a state or interstate travel. *See* 18 U.S.C. § 2241(c). Thus, evidence that JA-L crossed the Texas state line to travel into Mexico is sufficient to prove this element.

For these reasons, we conclude that there is sufficient evidence in the record from which a rational juror could have found beyond a reasonable doubt that JA-L crossed a state line for purposes of § 2241(c).

## III. Double jeopardy

JA-L asserts that his conviction under both §§ 2243(a) and 2241(c) for the same activity on the same date violates the Double Jeopardy Clause of the Fifth Amendment.

The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). When a defendant argues that "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under this standard, we compare the statutes and the elements of the offense. *See Brown*, 432 U.S. at 165; *United States v. Tovar*, 719 F.3d 376, 383 (5th Cir. 2013). "If each [statute] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to

establish the crimes." *Tovar*, 719 F.3d at 383 (quoting *Iannelli v. United States*, 420 U.S. 770 785 n.17 (1975)).

A conviction under § 2423(a) requires proof that the defendant (1) transported a person under the age of 18 years (2) in interstate or foreign commerce (3) with the intent that the minor engage in illicit sexual activity. 18 U.S.C. § 2423(a). A conviction under § 2241(c) requires proof that the defendant (1) crossed a state line (2) with the intent of engaging in illicit sexual activity (3) with a child under the age of 12 years. 18 U.S.C. § 2241(c).

JA-L relies on the Sixth Circuit's decision in *DeCarlo* to support his argument that an offense under § 2423(a) is a lesser included offense under § 2241(c) because the "'intent to commit an illegal sex act with a person under eighteen includes the intent to commit that act with a victim under twelve.'" However, DeCarlo was convicted under §§ 2423*(b)* and 2241(c). *See DeCarlo*, 434 F.3d at 449, 454-55. Section 2423(b) prohibits a person from traveling in interstate or foreign commerce for the purpose of engaging in illicit sexual conduct, which by statutory definition includes a sexual act with a person under the age of 18. 18 U.S.C. § 2423(b), (f)(1); *see DeCarlo*, 434 F.3d at 455. The Sixth Circuit described the two charges against DeCarlo as "interstate travel with intent to have sex with a person under twelve and interstate travel with intent to have illicit sex with a person under eighteen" and found that the § 2423(b) offense was a lesser included offense of the § 2241(c) offense since "an intent to commit an illegal sex act with a person under eighteen includes the intent to commit that act with a victim under twelve." *Id.* at 456-57.

Notwithstanding the fact that *DeCarlo* is not binding authority, it can be distinguished as both of the offenses there involved traveling to have illicit sex with a minor. DeCarlo was convicted under § 2423(b), whereas JA-L was

11

convicted under 2423(a).[3]  The offenses here were aggravated sexual abuse under § 2241(c) for crossing a state line with the intent to engage in a sexual act with a child under 12 and transportation of a minor under § 2243(a) for knowingly transporting a minor in interstate or foreign commerce with the intent to engage in sexual activity.

Under *Blockburger v. United States*, 284 U.S. 299 (1932), "[t]he applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304.  Here, § 2423(a) requires knowingly transporting a minor, while § 2241(c) does not.

Accordingly, we conclude that JA-L was not subjected to a double jeopardy violation.

*IV. Sentencing enhancement based on a pattern of activity.*

This court "review[s] the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error." *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007). "[S]entencing facts must be established by a preponderance of the evidence." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). "[D]istrict courts may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *Id.* (internal quotation marks and citation omitted).  "Generally, a PSR bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations." *Id.* (internal quotation marks and citation

---

[3] The Second Circuit has concluded that there is no double jeopardy violation where a defendant was convicted under both §§ 2423(a) [transporting] and 2423(c) [traveling].  *See United States v. Weingarten*, 713 F.3d 704, 708-09 (2d Cir. 2013).

omitted). If the PSR does bear sufficient indicia of reliability, the district court may adopt it unless the defendant presents rebuttal evidence to demonstrate that it is inaccurate. *United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013). "Rebuttal evidence must consist of more than a defendant's objection; it requires a demonstration that the information is materially untrue, inaccurate or unreliable." *Id.* (internal quotation marks and citation omitted).

Under section 4B1.5(b)(1), a defendant's offense level shall be enhanced by five levels if the offense of conviction constitutes a "covered sex crime" and the defendant "engaged in a pattern of activity involving prohibited sexual conduct." U.S.S.G. § 4B1.5(b)(1). JA-L does not dispute that his offense was a "covered sex crime" for purposes of section 4B1.5(b)(1). Rather, he disputes that the evidence was sufficient to prove a pattern of sexual activity. JA-L asserts that both counts of the indictment involved the same, single act and that the majority of the trial evidence went to the event that was the subject of the indictment. He also asserts that the evidence did not include any specific dates when he may have abused Doe or transported her for the purpose of doing so.

The comments to section 4B1.5 establish that "the defendant engaged in a pattern of activity involving prohibited sexual conduct if on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." § 4B1.5, cmt. n.4(B)(i).

Doe testified at trial that JA-L first had sex with her when she was eight years old and that he had done so again during her last visit with him in Mexico. Armstead testified that Doe reported to her that JA-L first had sex with her when she was eight years old and that it had happened many times thereafter. The trial court had the opportunity to hear that testimony firsthand and judge its credibility. The PSR describes the video recording seen

by the jury as showing Doe stating this same information to a forensic interviewer and clarifying that it happened in excess of three times. Additionally, the PSR recounted Armstead's testimony regarding this same information. The district court at sentencing found "by a preponderance of the evidence that there were other occasions other than that for which the defendant was found guilty beyond a reasonable doubt and charged in the indictment."

JA-L's argument here is that there was no evidence of other specific dates on which he sexually assaulted Doe. He does not contend that any of the information in the PSR is "materially untrue, inaccurate, or unreliable." *Zuniga*, 720 F.3d at 591 (internal quotation marks and citation omitted). Nothing in the Guidelines or its commentary suggests that specific dates of prior illicit activity must be proven. Instead, it requires only a finding that, "on at least two separate occasions, the defendant engaged in prohibited sexual conduct with a minor." U.S.S.G. § 4B1.5 cmt. n.4(B)(i). Based on the trial testimony from Doe and Armstead and the information contained in the PSR, the district court did not clearly err in finding by a preponderance of the evidence that JA-L had sexual relations with Doe on at least two separate occasions before she attained the age of 12 years. Accordingly, we conclude that the district court did not err in applying the five-level enhancement under section 4B1.5(b)(1).

For the reasons stated herein, we **AFFIRM**.