# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2019

Lyle W. Cayce
Clerk

No. 18-20823

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

JASON DANIEL GANDY,

      Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-503-1

Before OWEN, Chief Judge, and HAYNES and COSTA, Circuit Judges.

PER CURIAM:*

A grand jury charged Jason Gandy with seven counts of sex offenses, including: transportation of minors, sexual exploitation of children, transportation of child pornography, and sex trafficking of minors. The jury convicted on all counts. Gandy now appeals, challenging the sufficiency of the evidence as to Counts 1, 2, 3, and 6. We affirm the district court's judgment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20823

## I

Gandy operated a massage business through which he recruited, exploited, and paid underage boys to provide sexual massages to clients. He would watch child pornography in front of the boys. He would also masturbate with them. Minor Victim No. 1 was one of those boys.

Gandy established contact with Minor Victim No. 1 through Facebook when the victim was fourteen years old. Three days after Minor Victim No. 1 turned fifteen, the two met in person. Gandy took Minor Victim No. 1 to the mall for his birthday. After the mall excursion, Gandy took Minor Victim No. 1 home and stimulated the victim's penis with his hand until the victim reached orgasm. Gandy also performed oral sex on the victim. Gandy unsuccessfully attempted to engage in anal sex with Minor Victim No. 1.

Following this initial encounter, Gandy offered Minor Victim No. 1 an opportunity to make money giving massages. Minor Victim No. 1 agreed. Minor Victim No. 1 would perform about three massages a week, each massage involving some sexual component.

Gandy eventually invited Minor Victim No. 1 to travel with him to the United Kingdom. Minor Victim No. 1 accepted, and the two began preparations for the trip. A week before the trip, Gandy created an advertisement on Craigslist using Minor Victim No. 1's photo. The plan was to give massages while in the U.K. to pay for their travel expenses.

Before boarding the plane to London, Gandy gave Minor Victim No. 1 his computer to transport into the U.K. Minor Victim No. 1 could not access the computer because it was password-protected. After arriving in London, while being inspected by U.K. customs, Gandy told the customs officer that he and Minor Victim No. 1 were traveling to see the 2012 Summer Olympics, even though they had not bought tickets to the Olympics or secured accommodations for their stay. The officer questioned them about their relationship, and they

2

No. 18-20823

gave inconsistent answers. Because of these "discrepancies," they were refused entry into the U.K. They returned to the United States where they were met by U.S. law enforcement agents.

Gandy was charged with seven counts of sex offenses relating to four different minor victims. Counts 1, 2, and 3 related to Minor Victim No. 1. At trial, Minor Victim No. 1 testified that Gandy used his computer to manage his website and to watch child pornography. A forensic analysis uncovered child pornography in the computer's internet cache and corroborated Minor Victim No. 1's testimony. The government displayed a photo to the jury taken by Gandy in which Minor Victim No. 1 was wearing only a loincloth. The prosecution also presented testimony describing two other photos taken by Gandy in which Minor Victim No. 1 was completely nude—one a full photo displaying the minor's genitalia and one depicting him lying face down on a massage table.

After the government's case-in-chief, Gandy moved under Rule 29(a) for a judgment of acquittal. The district court denied the motion, and the jury convicted Gandy on all seven counts. Gandy then filed a timely Rule 29(c) judgment of acquittal. The district court denied the motion. Grandy now appeals, challenging the sufficiency of the evidence as to Counts 1, 2, 3, and 6.

## II

Because Grandy properly preserved his challenge to the sufficiency of the evidence, we will review the issue de novo.[1] Evidence is sufficient to convict if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime

---

[1] *See United States v. Winkler*, 639 F.3d 692, 696 (5th Cir. 2011) ("A challenge to the sufficiency of evidence following a proper motion for acquittal is reviewed . . . de novo." (citing *United States v. Valle*, 538 F.3d 341, 344 (5th Cir. 2008))).

beyond a reasonable doubt."[2]  We "indulge all reasonable inferences in favor of the verdict."[3]  "In so doing, we apply a rule of reason, knowing that the jury may properly rely on their common sense and evaluate the facts in light of their knowledge of the natural tendencies and inclinations of human beings."[4]

### III

Count 1 of the indictment charged Gandy under 18 U.S.C. § 2423 with transportation of a minor.  Gandy argues that the evidence was insufficient to convict on this count because the dominant motive of his travel with Minor Victim No. 1 was to see the Olympics, not to engage in criminal sexual activity.  This argument is unpersuasive.

Section 2423(a)—transportation of a minor with intent to engage in criminal sexual activity—makes it a crime to "knowingly transport[] an individual who has not attained the age of 18 years in interstate or foreign commerce . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense."[5]  Although the "intention to engage in illicit activity must be a 'dominant motive' of such [transportation], this circuit has interpreted this phrase [to allow] prosecution when a defendant had several purposes for the travel."[6]  "Accordingly, many purposes for traveling may exist, but, as long as one motivating purpose is to engage in [criminal sexual activity], criminal liability may be imposed under the Act."[7]

---

[2] *Sealed Appellee v. Sealed Appellant*, 825 F.3d 247, 250 (5th Cir. 2016) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

[3] *United States v. Mulderig*, 120 F.3d 534, 546 (5th Cir. 1997) (citing *United States v. Mmahat*, 106 F.3d 89, 97 (5th Cir. 1997)).

[4] *Id.* at 547 (internal quotation marks omitted) (quoting *United States v. Ayala*, 887 F.2d 62, 67 (5th Cir. 1989)).

[5] 18 U.S.C. § 2423(a).

[6] *United States v. Campbell*, 49 F.3d 1079, 1082 (5th Cir. 1995) (citing *Mortensen v. United States*, 322 U.S. 369, 374 (1944)).

[7] *Id.* at 1083.

Here, Gandy claims the dominant purpose of his travel with Minor Victim No. 1 was to see the Olympic games. Although the Olympic games may have been a purpose of the trip, the record indicates that it was not the only motivating purpose. Before the trip, Gandy had recruited Minor Victim No. 1 to perform massages. All of the massages in which Minor Victim No. 1 participated before the trip involved some type of sexual contact between Minor Victim No. 1 and the person being massaged. They planned to finance the trip by performing such massages. Before the two left for the U.K., Gandy had already created a Craigslist advertisement with Minor Victim No. 1's photos to generate business. Although Gandy and Minor Victim No. 1 may have intended to see the Olympics on their trip, this was not their only motivation for travel. They also intended to perform sexual massages.

Criminal sexual activity does not have to be the only purpose for travel, just one of the motivating purposes. The evidence indicates that criminal sexual activity was one such purpose.

## IV

Count 2 of the indictment charged Gandy under 18 U.S.C. § 2251(a) with sexual exploitation of a child. Gandy argues that "sexually explicit conduct," as used in § 2251(a), requires a "showing of genitalia." Relying on this reasoning, he contends that there was insufficient evidence to convict on Count 2 because Minor Victim No. 1's genitals were not exposed in the photos.

Section 2251(a) punishes "[a]ny person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct."[8] At trial, the government introduced evidence concerning three photos: a picture

---

[8] *United States v. Steen*, 634 F.3d 822, 824 (5th Cir. 2011) (alteration in original) (quoting 18 U.S.C. § 2251(a)).

showing Minor Victim No. 1 in a loincloth, and testimony about two other pictures in which Minor Victim No. 1 was completely nude—one a full frontal depiction displaying the minor's genitalia. Gandy's challenge to the sufficiency of the evidence as to Count 2 fails.

## V

Count 3 of the indictment charged Gandy under 18 U.S.C. § 2252 with transportation of child pornography. On appeal, Gandy argues that the government failed to prove the necessary mental state for conviction under § 2252. Specifically, Gandy contends that the government failed to prove that he knew the images on the transported computer constituted child pornography. He further argues that the testimony presented at trial did not establish that he gave his computer to Minor Victim No. 1 for the purpose of evading detection.

To obtain a conviction under 18 U.S.C. § 2252, the prosecution must prove beyond a reasonable doubt that Gandy knowingly transported by any means of or facility of interstate or foreign commerce child pornography, and that Gandy knew these items were child pornography at the time they were transported.[9]

Here, the record indicates that Gandy gave his computer to Minor Victim No. 1 to carry with him on the flight to the U.K. The computer was password-protected, and Minor Victim No. 1 did not have the password. According to Minor Victim No. 1, Gandy used the computer to manage his massage business and to watch child pornography. A forensic analysis corroborated Minor Victim No. 1's testimony, uncovering child pornography in the internet cache. Given these circumstances, a rational trier of fact could have found that Gandy knowingly transported a computer with images he knew constituted child

---

[9] *See* 18 U.S.C. § 2252(a)(1).

No. 18-20823

pornography. The exact purpose for which Gandy had Minor Victim No. 1 transport the computer—whether to avoid detection or for some other reason—does not impact this conclusion. Accordingly, Gandy's challenge to the sufficiency of the evidence as to Count 3 fails.

## VI

Gandy also appeals Count 6 of the indictment, arguing that a conviction for sex trafficking of a minor under 18 U.S.C. § 1591 requires a "completed commercial sex act." However, as Gandy concedes, this argument is foreclosed by *United States v. Garcia–Gonzalez*,[10] which held that a conviction under § 1591 does not require a completed sex act.[11] Therefore, Gandy's challenge to the sufficiency of the evidence as to Count 6 fails.

\* \* \*

For these reasons, we AFFIRM the district court's judgment.

---

[10] 714 F.3d 306 (5th Cir. 2013).

[11] *See id.* at 312 ("The future verb tense of the phrase 'will be caused'—which precedes 'to engage in a commercial sex act'—indicates that a sex act does not have to occur to satisfy the elements of the child-sex-trafficking offense.").