# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2872

_____

United States of America

*Plaintiff - Appellee*

v.

David Lee Perkins

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: November 12, 2019
Filed: January 30, 2020

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

GRASZ, Circuit Judge.

After a bench trial, David Lee Perkins was found guilty of one count of crossing a state line with intent to engage in a sexual act with a minor under the age of twelve in violation of 18 U.S.C. § 2241(c). On appeal, Perkins challenges the

district court's[1] reliance on text message conversations to find that Perkins had the requisite intent to engage in sexual acts with a minor when he crossed the state line. We affirm.

## I. Background

In 2013 Perkins worked for an apartment complex in Joplin, Missouri, when he met a mother and her two children, Jane and John Doe, while they toured the apartments. After moving into the complex, the mother and Perkins became friends. Jane and John spent time with Perkins in the apartment complex's offices, and the mother socialized with Perkins. By the end of 2013 Perkins had moved away from Joplin to open apartment complexes in other states. Perkins continued to communicate with the mother and her children through video calls and telephone conversations.

After January 2014, Perkins's work never took him to Missouri again. But Perkins made frequent stops to Joplin to visit the mother and her children — at least fifty-six separate hotel stays between January 2014 and December 2016. During these visits it was normal for Jane and John to stay with Perkins in his hotel room as well as for Perkins to spend a great deal of money on the children by purchasing gifts, toys, food, trips, and clothes.

On December 11, 2016, Doe's mother was alone in Perkins's hotel room during one of these visits and decided to look through his iPad. On it, she found a video that showed Perkins engaging in a sexual act with Jane Doe. She immediately called 911.

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

After *Miranda* warnings, Perkins confirmed he was in Joplin for recreation rather than work and admitted to sexually abusing Jane Doe over a period of approximately six months to a year. Perkins also admitted that he had discussed his sexual abuse of Jane Doe with his friend Don Blankenship, and sent him videos and images of the abuse. The forensic reports on Perkins's iPad showed three video files of Perkins engaging in sexually explicit conduct with Jane Doe as well as numerous text message conversations with Blankenship that included sexually explicit photos and videos of Jane Doe.

The district court relied on a portion of the text message conversations between Perkins and Blankenship sent between May 2016 and October 2016 discussing Perkins's sexual interactions with Jane Doe in order to find Perkins crossed the state line with the intent to engage in these sexual acts. In these conversations, Perkins described himself as "having withdrawals," being "hooked," having a preference for the victim rather than her mother, and wanting to "unwrap" his gift. These messages were frequently accompanied by images or videos.

Following a bench trial, Perkins was convicted of aggravated sexual abuse of a child under 18 U.S.C. § 2241(c). At the close of evidence, Perkins made an oral motion for judgment of acquittal "simply based on insufficiency to prove intent" when crossing the state line. The district court denied the motion, and in its Findings of Fact, Conclusions of Law, and Adjudication of Guilt, the district court found that these text message statements provided more than sufficient evidence to infer the sexual activities between Perkins and the victim were more than incidental to his trips to Joplin, Missouri.

## II. Analysis

"In reviewing the denial of a motion for a judgment of acquittal, we review the sufficiency of the evidence *de novo*, evaluating the evidence in the light most

favorable to the verdict and drawing all reasonable inferences in its favor." *United States v. Wright*, 739 F.3d 1160, 1167 (8th Cir. 2014).

A conviction under 18 U.S.C. § 2241(c)[2] requires proof of two elements beyond a reasonable doubt. First, Perkins must have crossed a state line with the intent to engage in a sexual act with a person, and second, the person must not have attained the age of twelve. 18 U.S.C. § 2241(c). The parties stipulated the following facts in this case: (1) Perkins crossed a state line; (2) Perkins engaged in one or more sexual acts with Jane Doe after he crossed a state line between April and December 2016; and (3) Jane Doe was less than twelve years old at the time Perkins engaged in a sexual act with her. Therefore, before the district court and on appeal the only issue is whether Perkins acted with the requisite intent when crossing into the state of Missouri.

The intent element of § 2241(c) is an issue of first impression for the Eighth Circuit. We have, however, addressed the intent element in cases involving the interstate transportation of a minor for the purpose of engaging in illegal sexual activity under 18 U.S.C. § 2423(a). To prove the intent element under § 2423(a), the "illicit behavior must be 'one of the purposes motivating the interstate transportation,' but need not be the dominant purpose," and "[t]he sexual activity just may not be merely incidental to the trip." *United States v. Duffin*, 844 F.3d 786, 790 (8th Cir. 2016) (quoting *United States v. Cole*, 262 F.3d 704, 709 (8th Cir. 2001)); and *United States v. Hoffman*, 626 F.3d 993, 996 (8th Cir. 2010). The Eighth Circuit has also held intent for § 2423(a) "may be inferred from all the circumstances," including the defendant's own statements. *Cole*, 262 F.3d at 709 (quoting *Reamer v. United States*, 318 F.2d 43, 49 (8th Cir. 1963)).

---

[2]The text of the statute states "[w]hoever crosses a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years . . . shall be fined under this title and imprisoned for not less than 30 years or for life." 18 U.S.C. § 2241(c).

And, as the Fifth Circuit has explained, the defendant must have the same intent to engage in sexual activity with a minor under both § 2241(c) and § 2423(a) when undertaking some action, either crossing a state line when violating § 2241(c) or transporting the minor in interstate commerce when violating § 2423(a). *Sealed Appellee v. Sealed Appellant*, 825 F.3d 247, 252 (5th Cir. 2016). As such, the Fifth Circuit reasoned, "it is logical to make the same inquiry when considering the sufficiency of the evidence to support the intent element of either offense." *Id.*

Our sister circuits have likewise found that satisfying the intent element of either § 2241(c) or § 2423(a) does not require the government to prove the sole purpose for crossing or transporting across state lines was to engage in sexual acts with a minor. Rather, such a desire must be one of the purposes or motivations for traveling. *See United States v. McGuire*, 627 F.3d 622, 625 (7th Cir. 2010); *United States v. Farley*, 607 F.3d 1294, 1335 (11th Cir. 2010); *United States v. Cryar*, 232 F.3d 1318, 1324 (10th Cir. 2000).

We agree with this assessment. While the sexual activity must be more than merely incidental to the trip across state lines, it need not be the sole or even dominant purpose. A defendant has the requisite intent under § 2241(c) if engaging in sexual activity with the minor was one of the purposes motivating the defendant to cross state lines, even if the sexual activity is not the sole or dominant purpose for the trip, so long as it is more than incidental.

Here, Perkins claims there was no evidence to show he had the intent to commit the crime at the moment he crossed the state line into Missouri. Perkins asserts the district court relied too heavily on his text message conversations with Blankenship — arguing if Perkins was already in Missouri when he sent the text messages, then the messages are not evidence of his intent at the exact moment he crossed the state line. We are unconvinced. While it is true the text messages sent by Perkins do not explicitly state he was traveling to Missouri in order to sexually

-5-

abuse Jane Doe, the tone implies it was the reason for the frequent trips back to Joplin.

The text conversation between Perkins and Blankenship on May 25, 2016, is illustrative of the numerous conversations in evidence between the two and implied that Perkins was "hooked" on the sexual abuse of Jane Doe and that he was already anxious to get back to Joplin because of his "withdrawals" from sexual conduct with the minor. The beginning of this conversation reads:

a. Sent by Defendant: "Dude... It's only been a little over a wk and I'm having withdrawals, lol. She has me hooked." [with 1 file attached]

b. From Blankenship: "Well now... Guess I know where you will spend Memorial Day weekend. To much drama around here.... People in an out of jail... Keep a distan"

c. Sent by Defendant: "Lol... I wished but I'm coming home. It's been a while since I've seen every1, plus it's mom's b-day. Can't wait to get bk out there though"

d. From Blankenship: "Yes it is. I say by tomorrow night that you will change ur plans....lol"

e. Sent by Defendant: "Yes especially if she keeps this up, lol. So wish FaceTime had better quality." [with 3 photos attached]

This conversation alone, viewed in the light most favorable to the guilty verdict and granting all reasonable inferences supported by the evidence, demonstrates Perkins had sexually abused Jane Doe on the occasion of his recent trip to Joplin and had plans to travel back to Missouri for the purpose of gratifying his desire again. Given that Perkins returned to Joplin again in December 2016, the record is clear that he brought these plans into fruition. The record further contains numerous other text

message conversations, videos, and photographs of the sexual abuse of Jane Doe as well as evidence of Perkins's plans to return to Joplin.

Conversely, there is also an absence of evidence supporting a conclusion Perkins had a different predominate purpose for going to Missouri other than having sexual contact with Jane Doe. Indeed, Perkins does not dispute he had no work-related purpose for being in Joplin after January 2014. And he offered no other justification for traveling there other than his platonic relationship with the family. In fact, even Perkins apparently wondered if this reason would continue to plausibly justify his repeated visits, causing him to consider sleeping with the mother in order to avoid suspicion.

In light of this evidence, we have no trouble agreeing with the district court in concluding the sexual encounters with Jane Doe were a motivating purpose for Perkins's trips to Joplin and were not merely incidental. Because the trial evidence would allow a reasonable factfinder to find beyond a reasonable doubt that Perkins was guilty of crossing state lines with the intent to engage in sexual activities with Jane Doe, a child less than twelve years of age, we affirm the denial of Perkins's motion for judgment of acquittal.

### III. Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____