# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 19-1645

———————————————

United States of America

*Plaintiff - Appellee*

v.

Gary D. Timmons, also known as Mush

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: March 10, 2020
Filed: March 30, 2020
[Unpublished]

——————————

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

After a jury trial, Gary D. Timmons was convicted of two counts of violating federal narcotics laws, including one count of conspiracy to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin. *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846. Timmons appeals, challenging the sufficiency of the evidence against him on this count and requesting that we vacate

his conviction on this count and remand the matter to the district court[1] for resentencing. We affirm.

In November 2015, inspectors with the United States Postal Inspection Service discovered 996.7 grams of heroin in a package that was shipped from Lakewood, California to Florissant, Missouri. Video surveillance of the Lakewood Post Office revealed that Timmons sent this package, and investigators later discovered his palm print on the package. After a controlled delivery of the package, investigators arrested the intended recipient, Laverne Adams, who agreed to cooperate with them. With Adams's consent, investigators installed a wiretap on his phone so they could record calls between Timmons and Adams. On these calls, investigators heard Timmons discuss with Adams their past drug transactions as well as plans for Timmons to ship more heroin in the near future for Adams to sell. In February 2016, investigators also intercepted a package containing $40,000 that Timmons later admitted was payment for drugs he distributed, though he testified that it was payment for marijuana. Law enforcement apprehended Timmons shortly thereafter. He ultimately was charged with one count of conspiracy to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 846, and one count of distribution of 100 grams or more of a mixture or substance containing a detectable amount of heroin, *see* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i).

The foregoing evidence and more was presented to the jury, which returned a guilty verdict on both counts. The district court sentenced Timmons to the applicable mandatory minimums—180 months' imprisonment on the first count, *see* 21 U.S.C. § 841(b)(1)(A), and 120 months' imprisonment on the second count, *see* 21 U.S.C. § 841(b)(1)(B)—to run concurrently.

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri.

On appeal, Timmons challenges the sufficiency of the evidence concerning only his conviction for conspiracy to distribute one kilogram or more of heroin, arguing that the amount of heroin is an element of the offense and that the Government failed to prove that element beyond a reasonable doubt.[2] We review the sufficiency of the evidence *de novo*. *United States v. Oliver*, 950 F.3d 556, 565 (8th Cir. 2020). In doing so, we evaluate "the evidence in the light most favorable to the verdict and draw[] all reasonable inferences in its favor." *United States v. Perkins*, 948 F.3d 936, 938 (8th Cir. 2020). We will affirm if "the entire body of evidence" is "sufficient to convince the fact-finder beyond a reasonable doubt of the defendant's guilt." *United States v. Kelley*, 861 F.3d 790, 796 (8th Cir. 2017). "Reversal is warranted only where no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Oliver*, 950 F.3d at 565.

It is true that the amount of heroin is an element of the charged offense. *See United States v. Brown*, 331 F.3d 591, 595 (8th Cir. 2003); *see also United States v. Tillmon*, --- F.3d ---, 2019 WL 921534, at *7 (4th Cir. Feb. 26, 2019) (recognizing that a conviction under § 841(b)(1)(A)(i) requires proof that the crime "involved at least one kilogram of heroin"). As such, the Government had to prove beyond a reasonable doubt that Timmons had conspired to distribute at least one kilogram of heroin. *See United States v. Daniel*, 887 F.3d 350, 360 (8th Cir. 2018). A reasonable jury could find beyond a reasonable doubt that the Government did so here.

The Government presented direct evidence that Timmons had shipped the package containing 996.7 grams of heroin to Adams, including video surveillance showing Timmons was the sender as well as evidence that Timmons's palm print was on the package. The Government also presented direct evidence of Timmons's plans to ship more heroin to Adams in the form of recorded calls between the two. On these calls, Timmons made the following comments: (1) he could "open up the

---

[2]Timmons preserved this issue for appeal by moving for a judgment of acquittal at the close of the evidence. *See United States v. Bruguier*, 735 F.3d 754, 763 (8th Cir. 2013).

-3-

gates" for Adams, meaning Timmons had a large heroin supply he was willing to ship to Adams for Adams to sell, and he would do so once they had a "good relationship" so that both of them could "make plenty of money"; (2) he would have more heroin "sitting on [Adams's] front door" in one week's time if Adams sold the previously shipped heroin quickly and paid Timmons for it; and (3) he would send "bigger packages" of heroin to Adams if certain conditions were met. This evidence demonstrates that Timmons had previously shipped nearly one kilogram of heroin to Adams for Adams to sell and that Timmons planned to send Adams significantly more heroin for that same purpose in the near future, which suffices to support the jury's verdict. *See United States v. Ruvalcaba*, 9 F.3d 41, 43 (8th Cir. 1993) ("When a conspiracy to supply drugs exists, the conspirators' criminal liability is determined by the amount of drugs promised or negotiated, not the amount contained in a particular delivery.").

Timmons asserts that the Government failed to proffer sufficient evidence "to make up the difference between the one kilogram it charged [him] with conspiring to distribute[] and the 996.7 grams it actually seized." He maintains that the Government "offered no other evidence" to prove the additional 3.3 grams besides the package containing $40,000 that he testified was payment for marijuana, and he argues that any "inference" that this $40,000 was payment for heroin he had shipped to another person was not proven beyond a reasonable doubt. But he ignores the recorded calls evidencing his plans to ship more heroin to Adams that the Government presented to the jury. Based on these calls, a "reasonable jury could have found the defendant guilty beyond a reasonable doubt" of conspiring to distribute one kilogram or more of a substance or mixture containing heroin. *See Oliver*, 950 F.3d at 565.

Therefore, we affirm.

_____