# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2022

Lyle W. Cayce
Clerk

No. 20-11263
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL DON BILLUPS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:19-CR-133-1

Before DAVIS, JONES, and ELROD, *Circuit Judges*.

PER CURIAM:*

Michael Don Billups appeals the life prison sentence imposed following his guilty plea conviction for interstate transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a). We affirm.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11263

First, Billups contends for the first time on appeal that the district court erroneously enhanced his sentence under U.S.S.G. § 2G1.3(b)(5). To show plain error, Billups must establish a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Given the unequivocal statements by the district court when imposing Billups's sentence, even if there was clear or obvious error as to the application of § 2G1.3(b)(5)'s enhancement, Billups is unable to sustain his burden of showing that any error affected his substantial rights. *See Puckett*, 556 U.S. at 135; *see also United States v. Molina-Martinez*, 136 S. Ct. 1338, 1345 (2016); *United States v. Johnson*, 943 F.3d 735, 738 (5th Cir. 2019). Therefore, we reject the contention that the district court plainly erred in applying § 2G1.3's adjustment.

Billups next challenges the sufficiency of the factual basis as to the intent element of § 2423(a). Billups did not raise this issue in the district court, and as he acknowledges, he cannot show that the purported error was clear or obvious under existing precedent. *See Sealed Appellee v. Sealed Appellant*, 825 F.3d 247, 251 (5th Cir. 2016); *United States v. Hitt*, 473 F.3d 146, 152 (5th Cir. 2006); *see also Puckett,* 556 U.S. at 135.

The district court's judgment is AFFIRMED.