PER CURIAM: *
Fred William Romero pleaded guilty to the receipt and possession of child pornography. The district court sentenced him to 135 months of incarceration. Romero appeals the sentence, arguing that the district court erred in applying the U.S.S.G. § 2G2.2(c)(l) cross reference and erred in sentencing him above the default statutory maximum term of imprisonment for possession of child pornography. We VACATE the sentence and REMAND.
I
Fred Romero’s relative inadvertently picked up a flash drive belonging to Romero while visiting at his home. The relative looked at the contents of the flash drive, and realized that it contained images of two female minors, in which the images were focused on the pubic area. The relative then notified law enforcement.
Soon thereafter, law enforcement executed a search warrant at Romero’s home. The ensuing search revealed over 600 im *502 ages of child pornography.[1] Romero’s computer contained narratives he wrote detailing his sexual attraction to victim # 1, his neighbor’s nine year old granddaughter.[2] Romero later admitted to law enforcement that he masturbated to the images of victim # l.[3]
We are concerned here with two sets of images that Romero produced. Romero took the first set of pictures while victim # 1 was sleeping in a dress and underwear.[4] The pictures show victim # l’s dress pulled up around her waist and are zoomed in on victim # l’s thigh and buttocks covered by underwear. Romero added sexually explicit captions on the images.
The second set of images was taken while victim # 1 was swinging on a swing and reclining on a piece of jungle-gym equipment while wearing a dress.[5] In the pictures of victim # 1 on a swing, her dress is slightly lifted by the wind, exposing the back of her thighs. In the pictures of victim # 1 on a piece of jungle-gym equipment, victim # 1 is in a natural pose, with her legs parted and her left leg slightly propped up, barely exposing her underwear. Romero then added sexually explicit captions on the images that detail the sexual acts he desired to perform on victim # 1 and attribute to victim # 1 a desire to engage in sexual acts with Romero. In one of the images, Romero created a collage of pictures of victim # 1 and added a sexually explicit caption.[6]
A grand jury indicted Romero with receipt and possession of child pornography under 18 U.S.C. § 2252A(a)(2) and (a)(5)(B).[7] Romero pleaded guilty to both counts.[8] At sentencing, the government asked the court to apply the cross reference contained in U.S.S.G. § 2G2.2(c)(l) and introduced exhibits containing the images Romero produced of victim # l.[9] Romero objected to application of the cross reference.[10] The district court applied the § 2G2.2(c)(l) cross reference, which resulted in an eight level enhancement and a guideline sentence range of 135-138 months of incarceration. The district court sentenced Romero to 135 months imprisonment on both counts, to run concurrently.[11] Romero timely appealed.
II
We review a district court’s application of the Sentencing Guidelines de novo and its factual findings for clear error.[12]
At issue here is the U.S.S.G. § 2G2.2(e)(l) cross reference, the application of which produces substantially longer guideline sentences — here, a guideline sentence that was 57-71 months longer because of the application of the cross reference. The substantial penalty associated with this cross reference rightly reflects congressional judgment that using children *503 to engage in sexually explicit conduct for the purpose of producing child pornography requires far more severe punishment than simple possession of child pornography-
The § 2G2.2(e)(l) cross reference applies where “the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct.”[13] The commentary explains that the cross reference
is to be construed broadly and includes all instances where the offense involved employing, using, persuading, inducing, enticing, coercing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct^][14]
“Sexually explicit conduct” includes, inter alia, the “graphic or simulated lascivious exhibition of the genitals or pubic area of any person.”[15]
Whatever may be the pornographic content of the images of a child at play and asleep as recast by manipulation of the photographs, Romero’s photography of the victims in no way used a minor to engage in sexually explicit conduct. Put simply, Romero photographed the victim playing and sleeping, and did not photograph the victim engaging in sexually explicit conduct. The resulting photographs, uncon-structed and without their added captions, display no sexual conduct, real or simulated. Accordingly, we must conclude that the district court clearly erred in applying the cross reference.[16]
For these reasons, we VACATE the sentence and REMAND for resentencing consistent with this opinion.[17]

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. PSR ¶ 10.

. PSR ¶ 10.

. PSR ¶ 15.

. Ex. 7 & 8.

. Ex. 9-21.

. Ex. 20.

. USCA5 29-31.

. USCA5 98 (rearraignment); USCA5 100-02 (factual basis).

. USCA5 130-34, 136.

. USCA5 148.

. USCA5 79, 155.

. United States v. Serfass, 684 F.3d 548, 550 (5th Cir.2012).

. U.S.S.G. § 2G2.2(c)(1).

. U.S.S.G. § 2G2.2 cmt. n. 5(A).

. U.S.S.G. § 2G2.2 cmt. n. 5(B) (" ‘Sexually explicit conduct’ has the meaning given that term in 18 U.S.C. § 2256(2).”); 18 U.S.C. § 2256(2)(B)(iii).

. The record indicates that the district court applied the § 2G2.2(c)(l) cross-reference and not the § 2G2.2(b)(5) enhancement. Accordingly, we do not reach Romero’s claim that the district court erred in applying the § 2G2.2(b)(5) enhancement.

.Because we vacate and remand for resen-tencing, we do not reach Romero's claim that the district court erred in sentencing him above the ten-year statutory maximum for possession.