# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30898

United States Court of Appeals
Fifth Circuit

**FILED**
August 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

ANDREA LEWIS,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before WIENER, CLEMENT, and SOUTHWICK, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

After a jury trial, Andrea Lewis was convicted of three counts of violating 18 U.S.C. § 2423(a) by transporting persons under the age of 18 years across state lines with the intent that they engage in criminal sexual activity. He appeals the district court's admission of evidence that he committed uncharged sexual assaults against minors. We AFFIRM.

## FACTS AND PROCEEDINGS

Lewis was the director of a choir group that included both adults and minors.[1] He had sexual relationships with the three named victims, all of

---

[1] He later became the pastor of a church, as well.

whom were underage members of his choir group during the mid- to late-1990s. He had sex with each of the three girls for the first time when they were approximately fourteen years old, which is below the age of consent under federal, Louisiana, and Texas law. He did not use physical force against the girls to have sex with them, however. He had intercourse and oral sex with them many times while they were underage, and he continued his sexual relationship with two of the girls into their twenties.

The federal charges against Lewis related to his transportation of the three then-minor girls across state lines from Louisiana to Texas with the intent of having illegal sex with them. While Lewis's trips also generally involved the rest of the choir group, the government maintained that having sex with the minors was one reason that he transported them across state lines. Lewis's defense was that he did not have sex with any of the girls when they were underage, let alone transport them across state lines to have sex with them.

Before the trial, the government filed a motion in limine asking the court to admit evidence under Federal Rule of Evidence 413,[2] to show that Lewis had committed other sexual assaults against minors.[3] The government's evidence would show that Lewis had forced one fourteen-year-old girl, A.D., to have oral sex with him and had attempted to force her to have vaginal sex with him. He also sexually molested her by touching her vagina and breasts.[4] The government's motion also gave notice of intent to introduce evidence that Lewis had sexually abused another girl, S.H., who was a member of his church and

---

[2] Hereafter, any Federal Rule of Evidence will be referred to as a "Rule."

[3] The government actually filed two separate motions in limine.

[4] At trial, A.D. testified that she was a member of Lewis's church and choir. She testified that she was actually thirteen when Lewis started assaulting her, and he assaulted her a few times a week for around a year. She also testified that he forced her to have oral sex with him multiple times.

choir group.  Specifically, he started molesting her when she was around eight years old.  He had sex with her when she was fourteen.[5]

The district court deferred ruling on the government's pretrial motion in limine.  After the jury was empanelled, and outside of its presence, the district court held a hearing to decide whether the evidence was admissible.  Lewis objected to its admission, arguing, among other things, that admitting the evidence would violate Rule 403 (i.e., its probative value was substantially outweighed by the danger of unfair prejudice).  The district court ruled that the evidence was admissible.  Lewis now appeals, arguing that the admission of the Rule 413 evidence was an abuse of discretion under Rule 403 because the uncharged conduct is more serious than the charged conduct.

## STANDARD OF REVIEW

When an evidentiary objection has been properly preserved, it is ordinarily reviewed for abuse of discretion.  *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008).  A district court's ruling regarding Rule 403 is reviewed "with an especially high level of deference to the district court, with reversal called for only rarely and only when there has been a clear abuse of discretion."  *Id.* (internal quotation marks omitted).  An unpreserved error is reviewed for plain error.  *United States v. Escalante-Reyes*, 689 F.3d 415, 418 (5th Cir. 2012) (en banc).

The parties dispute whether Lewis preserved his argument.  We agree with the government that Lewis did not preserve the argument because he

---

[5] At trial, S.H. testified that, when she was eight years old, her mother asked Lewis to discipline her, and he whipped her while they were both naked and he was masturbating. S.H. also testified that, on a separate occasion shortly afterwards, Lewis chased her around his house while he was naked.  In another instance, Lewis made her get naked and digitally penetrated her.  These assaults happened between the ages of eight and eleven.  Later, at the age of fourteen, she went to Lewis's home to ask him for money, and he paid her $200 to have sex.

failed to raise it below.[6]  To preserve error, an evidentiary objection must "state[ ] the specific ground, unless it was apparent from the context."  Rule 103(a)(1)(B).  "Rulings on evidence cannot be assigned as error unless . . . the nature of the error was called to the attention of the judge, so as to alert him to the proper course of action and enable opposing counsel to take proper corrective measures."  Fed. R. Evid. 103(a) advisory committee's note to 1972 proposed rule; *accord Calcasieu Marine Nat'l Bank v. Grant*, 943 F.2d 1453, 1459 (5th Cir. 1991).  "A loosely formulated and imprecise objection will not preserve error."  *United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998).  "Rather, a trial court judge must be fully apprised of the grounds of an objection."  *Id.*

Below, Lewis argued that the uncharged conduct should not be admitted under Rule 403 because it was intrastate rather than interstate and because its introduction might confuse the jury.[7]  But he never presented the argument

---

[6] We note, however, that we disagree with the government's alternative argument that plain error review applies because Lewis did not renew his objection at trial.  Rule 103(b), effective on December 1, 2000, provides that "[o]nce the court rules definitively on the record—either before or at trial—a party need not renew an objection or offer of proof to preserve a claim of error for appeal."  The government cites two cases that erroneously applied this Circuit's previous rule that an objection must be renewed at trial to preserve error: *United States v. Thomas*, 724 F.3d 632, 641 (5th Cir. 2013), and *United States v. Duffaut*, 314 F.3d 203, 208–09 (5th Cir. 2002).  But, in a case predating *Thomas* and *Duffaut*, we held that a "pretrial objection is sufficient to preserve . . . error for appellate review" because "[t]he 2000 amendment to rule 103(a) [now codified at Rule 103(b)] changed the law that had prevailed in this circuit."  *Mathis v. Exxon Corp.*, 302 F.3d 448, 459 & n.16 (5th Cir. 2002).  Because *Mathis* is the earliest of the conflicting panel opinions, it controls.  *See Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 410 (5th Cir. 2006).

[7] We reproduce the full extent of Lewis's argument to the district court that could even arguably relate to Rule 403:

> But back on the intrastate versus interstate issue, obviously all inculpatory evidence is prejudicial.  However, this alleged inculpatory evidence is unduly so because it's not addressing the crimes, or the crime for which Mr. Lewis has been indicted . . . .  I mean, if the other bad acts involved crossing state line with the intent to participate in an illegal sexual activity, I could see that, but this is all intrastate . . . .  Our witnesses will testify that this did not happen.  And it would tend to also confuse the jury, because at this point the jury knows

No. 14-30898

he raises on appeal, which is that the uncharged conduct was inadmissible because it involved forcible sexual assaults and so was more serious than the charged conduct involving statutory sexual assaults. Lewis points to nothing in the record that would have apprised the district court of this non-obvious argument. Indeed, by making specific arguments about Rule 403, Lewis left the impression that he was putting forward his best Rule 403 argument. There was no reason for the district court to brainstorm additional ways in which the uncharged evidence might be substantially more unfairly prejudicial than probative. Further, if Lewis had raised his present argument below, the district court could have considered whether to exercise its considerable discretion by disallowing some or all of the uncharged victims' testimony.[8] For example, the court could have instructed the uncharged victims to omit details about Lewis's use of force against them.

We conclude that Lewis failed to fully apprise the court of the grounds of his objection or to alert it to the proper course of action. Accordingly, this error was unpreserved, and plain error review applies. Under plain error review, Lewis must show that (1) the district court erred, (2) the error was clear or obvious, (3) the error affected his substantial rights, and (4) this court should exercise its discretion to correct the error because "the error seriously affects

---

of three alleged victims; and if we bring on more testimony that they hear from other minors, the jury might be confused as to why the minors—I mean, even though we know "intrastate" versus "interstate," I think that the jury might wonder why three and not these two. And I just think it's—I think under the 403 analysis, it's unduly prejudicial.

Lewis also provided a written response to one of the government's motions in limine, but this response did not mention Rule 403 or argue that the uncharged conduct was more serious than the charged conduct.

[8] We do not mean to imply that the district court would have been *required* to exclude or limit the uncharged victims' testimony. But Lewis's failure to raise his present argument below prevented the district court from reducing any purported risk of unfair prejudice.

the fairness, integrity, or public reputation of judicial proceedings." *Escalante-Reyes*, 689 F.3d at 419 (internal quotation marks and alteration omitted).

## DISCUSSION

Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Rule 413(a).[9] "The evidence may be considered on any matter to which it is relevant." *Id.* But this evidence "is still subject to the Rule 403 balancing test." *Dillon*, 532 F.3d at 387. Rule 403 provides that a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." An "alleged sexual assault does not need to have been identical" to the charged sexual assault for it "to be admissible, but aspects of the assault must have sufficient probative value as to some element of the charged offense to not be substantially outweighed by its danger of unfair prejudice." *Dillon*, 532 F.3d at 389. For example, an uncharged nonconsensual sexual assault can be used to show a defendant's proclivity for committing nonconsensual sexual assaults. *Id.*[10] Similarly, in a case involving possession and receipt of child pornography, evidence of child molestation is admissible because it tends to show a defendant's sexual interest in children. *United States v. Moore*, 425 F. App'x 347, 352 (5th Cir. 2011) (per curiam) (unpublished).

Here, the evidence that Lewis had sex with two additional underage girls was highly probative of his proclivity for having sex with underage girls. A proclivity for having sex with underage girls made it significantly more likely that he transported the named victims across state lines with the intent that

---

[9] Lewis does not dispute that the charged and uncharged conduct constituted "sexual assaults" under Rule 413.

[10] Although this kind of propensity evidence would be inadmissible as to any other crime under Rule 404(b), Congress chose to treat sexual assault differently by enacting Rule 413.

they engage in criminal sexual activity, which was an element of 18 U.S.C. § 2423(a), the charged crime.[11]

Further, in response to a question about whether Lewis had oral sex with one of the named victims, Lewis testified, "I don't like oral sex . . . . So, no, I don't like people to do oral sex." A.D.'s testimony that he forced her to have oral sex multiple times was probative for impeaching Lewis's testimony that he did not like oral sex, which supported the named victim's testimony that she had performed oral sex on him.

The Rule 413 evidence also showed Lewis's *modus operandi* in the selection of his victims. Each victim, whether charged or uncharged, was a member of his choir group, showing how he gained access to his victims. Further, each of the girls testified to first having intercourse or oral sex with Lewis when they were approximately fourteen years old (although he sexually assaulted S.H. in other ways when she was younger). Even though the *modus operandi* for the charged and uncharged offenses do not match perfectly, the substantial overlap makes the uncharged offenses probative. *See United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006) ("[M]*odus operandi* evidence is relevant to whether sexual activity occurred between the defendants and [the named victim], which is relevant to whether the defendants had the requisite intent to engage in illicit sexual activities across state lines.").

The high probative value of this Rule 413 evidence must be "*substantially* outweighed by a danger of . . . *unfair* prejudice." Rule 403 (emphasis added). Lewis may be right that evidence of forcible sexual assaults on underage girls is more prejudicial than evidence of so-called "consensual" sex with fourteen- to sixteen-year-old girls. But when we upheld the admission

---

[11] We have interpreted this intent element to require that "illicit sexual activity was one of the efficient and compelling purposes of the travel." *United States v. Hitt*, 473 F.3d 146, 152 (5th Cir. 2006) (internal quotation marks omitted).

of child molestation evidence in a child pornography case over a Rule 403 challenge, we did not raise any concern that some might view child molestation as a more serious crime than possession and receipt of child pornography. *See Moore*, 425 F. App'x at 352. Moreover, any potential for unfair prejudice here was mitigated by the district court's careful instruction to the jury that "[y]ou are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment[.]" The district court also pointed out that the "alleged illegal sexual conduct involving" S.H. and A.D. was not charged in the indictment. "A jury is presumed to follow its instructions." *Weeks v. Angelone*, 528 U.S. 225, 234 (2000). The district court's instructions therefore cut against finding unfair prejudice here.

We conclude that the district court did not clearly abuse its discretion by implicitly holding that the high probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. This is simply not the kind of rare case warranting reversal of a district court's Rule 403 analysis. *See Dillon*, 532 F.3d at 387 (holding that Rule 403 analysis is reviewed "with an especially high level of deference to the district court, with reversal called for only rarely and only when there has been a clear abuse of discretion" (internal quotation marks omitted)). Thus, the court did not err, let alone clearly or obviously err, and we need not reach the other prongs of the plain error standard of review.[12]

## CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[12] The result of this case would therefore be the same, even if we found that Lewis had not forfeited his present argument.