# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10894

United States Court of Appeals
Fifth Circuit

**FILED**

August 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JEFFREY WILLIAM MCCALL,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and PRADO and SOUTHWICK, Circuit Judges.

CARL E. STEWART, Chief Judge:

Jeffrey McCall ("McCall") pleaded guilty to one count of producing and attempting to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and 2. He now appeals, arguing that the district court plainly erred in accepting his guilty plea because the supporting factual resume was insufficient to show a violation of § 2251(a). We AFFIRM.

## BACKGROUND

In 2013, McCall was released from state custody after serving thirteen years of a fifteen-year sentence for the aggravated sexual assault of a five-year-old girl. He then moved in with his mother, stepfather, and two teenage nieces.

No. 15-10894

In April 2015, he hid his cellular telephone in the family's shared bathroom and turned on the video-recording function of the phone before his 14-year-old niece, Jane Doe ("Doe"), entered the bathroom to shower.  The phone captured over thirty-three minutes of graphic footage.  We adopt the timestamped narrative of the video in the Government's brief, which McCall does not dispute.[1]  To summarize, Doe is seen undressing, grooming her pubic area, and preparing to shower, and then later, exiting the shower and getting dressed.  At times, she is partially nude, and at other times, she is fully nude with her breasts, genitals, and/or pubic area visible.  The recording ends when Doe noticed the camera and called an adult into the room.

When confronted, McCall used a ruse to get the phone back—he told his mother and his stepfather that he had only been recording himself in the bathroom satisfying a women's underwear fetish.  He then transferred the phone's memory card to another device so that he could use the video to create still images of Doe and modify them using zoom, exposures, and filters.  McCall acknowledged to a probation officer that he intentionally made still shots that focused and zoomed in on Doe's breasts and genitals and that he created the video and stills to arouse himself during masturbation.

McCall self-reported his crime and pleaded guilty to one count of producing and attempting to produce child pornography in violation of 18 U.S.C. §§ 2251(a) and 2.[2]  As part of his plea, he admitted, *inter alia*, that he

---

[1] We initially denied the Government's motion to supplement the record on appeal with the video that formed the basis for McCall's conviction.  After oral argument, the court *sua sponte* revisited and granted the motion.  McCall does not dispute the Government's account of what the video depicts; rather, as discussed herein, his argument focuses on whether what is depicted amounts to "sexually explicit conduct" within the meaning of § 2251(a).

[2] As part of his plea agreement, McCall waived the right to appeal his conviction and sentence except on limited grounds.  The Government does not argue that this waiver bars the challenges discussed herein.  *See United States v. Trejo*, 610 F.3d 308, 312 (5th Cir. 2010) ("The Government correctly does not seek to enforce the waiver [in Defendant's plea

No. 15-10894

"obtained the video of [Doe] by hiding his cellular telephone in the bathroom and turning on the video camera when [she] went into the bathroom to take a shower;" that he "carefully positioned and aimed the lens of the camera with the intent of obtaining images of the genitals/pubic area of [Doe], as well as her breasts; that "a part of the video depicts [Doe's] genitals and pubic area;" and that the phone he used was manufactured outside of Texas.

McCall's Pre-Sentence Investigation Report calculated a Guidelines range of 262–327 months' imprisonment.  Defense counsel moved for a downward variance based on McCall's voluntary reporting of his crime and *United States v. Steen*, 634 F.3d 822 (5th Cir. 2011)—counsel suggested that McCall's surreptitious recording was similar to that in *Steen*, but carefully stated his view that "the fact that [McCall] was well aware of the victim's age; focused the camera in such a way as to capture her genitals and breasts; and manipulated the images afterward in order to enhance this focus [arguably] took the production out of the realm of *Steen*."  Ultimately, the court imposed a sentence of 200-months' imprisonment—a downward variance of over five-years from the bottom-end of the recommended Guidelines-range—to be followed by a period of supervised release.  McCall timely appealed.

## DISCUSSION

McCall raises two errors on appeal.  First, he asserts that the district court erred in accepting his plea because the video in question did not satisfy the "sexually explicit conduct" element of § 2251(a).  Second, he argues that the court erred in accepting his plea because the fact that the phone he used to record Doe had moved across state lines did not suffice to satisfy § 2251(a)'s interstate commerce requirement.  McCall concedes, and the record confirms,

---

agreement] because a valid waiver of appeal does not bar review of a claim that the factual basis for a guilty plea fails to establish the essential elements of the crime of conviction.").

3

No. 15-10894

that he did not object to the factual resume below.[3]  Accordingly, our review is for plain error.  To show plain error, McCall must show (1) an error that is (2) "clear or obvious, rather than subject to reasonable dispute" and that (3) affects his substantial rights.  *United States v. Fields*, 777 F.3d 799, 802 (5th Cir. 2015) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).  If McCall satisfies these requirements, we have discretion to remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quoting *Puckett*, 556 U.S. at 135).  "In assessing factual sufficiency under the plain error standard, we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction."  *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

## A.

We begin with McCall's argument that the district court erred in accepting his plea based on a failure of § 2251(a)'s "sexually explicit conduct" element.  Before accepting McCall's plea, Federal Rule of Criminal Procedure 11 required the "district court . . . to make certain that the factual conduct admitted by [McCall was] sufficient as a matter of law to establish a violation of" § 2251(a).  *Id.* at 313 (emphasis omitted).  Pertinent here, this required the court to ensure that McCall "use[d] a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct."  *Steen*, 634 F.3d at 826 (citation and internal quotation marks omitted).  "Sexually explicit conduct" is defined by statute as, *inter alia*, "lascivious exhibition of the genitals or pubic area of any person."  18 U.S.C. § 2256(2)(A)(v).

---

[3] McCall cites *Trejo* and agrees with the Government that, in the absence of an objection below, our review of the claimed inadequacy of his factual resume is for plain error; however, he argues in passing "that the failure of a factual basis to admit an offense ought not to be reviewed for plain error."  We are not persuaded.

No. 15-10894

We have defined "lascivious exhibition" as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer."[4] *Steen*, 634 F.3d at 828 (quoting *United States v. Grimes*, 244 F.3d 375, 381 (5th Cir. 2001)). Moreover, we have applied the six factors from *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), to aid in determining whether a particular depiction is lascivious:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]

6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Steen*, 634 F.3d at 826 (quoting *Dost*, 636 F. Supp. at 832). These factors—called the "*Dost* factors"—are not exhaustive and no one factor is dispositive. *See id.*

In his brief, McCall expressly chooses not to discuss the *Dost* factors seriatim or cumulatively. Rather, he argues that even if the *Dost* factors are resolved against him, at most they show that the video of Doe was a "lascivious *image*." In his mind, this is not tantamount to the "lascivious *exhibition*"

---

[4] In a footnote to his brief, McCall distorts our definition of "lascivious exhibition" by arguing that "[a] minor who showers without intent to appear in a recording is not displaying or bringing forth anything" and is "[c]ertainly . . . not acting to attract notice or excite lustfulness." According to the plain language of *Steen* and *Grimes*, it is the *depiction*—not the minor—that must bring forth the genitals or pubic area to excite or stimulate. *See Steen*, 634 F.3d at 826 (quoting *Grimes*, 244 F.3d at 281). McCall cites no case where we have held or articulated a definition to the contrary.

required to support his conviction under *Steen*. By definition, such a novel legal construct faces overwhelming hurdles on plain error review. *See, e.g.*, *Trejo*, 610 F.3d at 319 (concluding that the novelty of a legal argument "doom[ed] the case [on] plain error").

The differences between this case and *Steen* cannot be overstated; indeed, as mentioned *supra*, McCall acknowledged many of these differences to the district court in arguing for and receiving a five-year downward variance on his sentence. Summarizing, *Steen* involved a defendant whose interest in voyeurism led him to capture 1.5 seconds of film depicting the pubic region of a girl he did not know to be a minor. *See* 634 F.3d at 827–28. Here, McCall does not argue that an interest in voyeurism, rather than his documented sexual interest in children, led him to record Doe. *See id.* at 827 (noting that the *Dost* "factors have never been deployed where a defendant's conduct . . . proved to be no more than voyeurism"). Rather, the record unequivocally establishes that he purposefully filmed Doe's breasts, genitals, and pubic area for a number of minutes and for the admitted purpose of satisfying himself during masturbation. Given these qualitative and quantitative distinctions, this case is not *Steen*.

Notwithstanding all of these differences, McCall relies on *Steen* to argue that the video does not depict "lascivious exhibition" because Doe was not aware that she was being recorded; she did not intend to display herself; and the video does not show Doe engaging in an affirmative sexual act. The Government responds that *Steen* adopted no such standard.[5] We agree with the Government—*Steen* did not adopt a special *per se* rule for surreptitious

---

[5] The Government also argues that McCall pleaded to the production and attempted production of child pornography, and there is no question that he *attempted* to produce a depiction that met the statutory standard. We need not reach this issue.

No. 15-10894

recording cases that requires an affirmative display or sexual act by a minor.[6] *See, e.g., United States v. Romero*, 558 F. App'x 501, 504 (5th Cir. 2015) (per curiam) (Higginson, J., dissenting) ("In *United States v. Steen*—a § 2251(a) case in which the defendant surreptitiously recorded a minor at a tanning booth— this court did not adopt a *per se* rule requiring that the minor affirmatively commit a sexual act."). Because *Steen* does not compel the interpretation of § 2251(a) and "lascivious exhibition" that McCall now advances, he cannot show that the district court plainly erred in accepting his plea. *See, e.g., United States v.  Alvarado-Casas*, 715 F.3d 945, 951–53 & n.7 (5th Cir. 2013) (reiterating that "factual basis error is not plain" unless a defendant's interpretation of a statute is compelled by, *inter alia*, a "binding judicial construction of it").

## B.

McCall next argues that the court plainly erred in accepting his guilty plea because his admission that the phone he used to record Doe was manufactured outside of Texas was insufficient to satisfy § 2251(a)'s interstate commerce requirement. In his brief, he concedes that this argument is foreclosed by our case law. We agree and reject McCall's argument based on the cases cited and analysis articulated in *United States v. Looney*, 606 F. App'x 744 (5th Cir. 2015) (per curiam), *cert. denied*, 136 S. Ct. 191 (2015).

## CONCLUSION

For the foregoing reasons, we AFFIRM.

---

[6] A number of circuits to consider the issue have not imposed such a requirement in § 2251(a) cases. *See Romero*, 558 F. App'x at 503–04 (collecting cases); *see also, e.g., United States v. Holmes*, 814 F.3d 1246, 1252 (11th Cir. 2016) ("Today, we join the Eighth, Ninth, and Tenth Circuits and hold that a lascivious exhibition may be created by an individual who surreptitiously videos or photographs a minor and later captures or edits a depiction, even when the original depiction is one of an innocent child acting innocently."), *petition for cert. filed*, (U.S. June 2, 2016) (No. 15-9571).