# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30027
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RICHARD ALLAN SCOTT,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:15-CR-13-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

A jury found Richard Allan Scott guilty of four counts of aiding and assisting in making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(2). Prior to trial, the Government noticed its intent to introduce evidence of false tax returns prepared by Scott that were not charged in the indictment (the uncharged returns), as well as evidence of Scott's prior *nolo contendere* plea to identity theft in state court, including the probation terms

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

prohibiting his preparing tax returns. On motions *in limine*, and pursuant to Federal Rule of Evidence 404(b), the district court determined the probative value of the uncharged returns and probation terms was not outweighed by their prejudicial effect. *United States v. Scott*, Case No. 3:15-cr-00013-RGJ-KLH, 6–7 (W.D. La. 2015). Scott contends the district court abused its discretion by admitting the evidence concerning the uncharged returns and tax-preparation bar.

"A district court's evidentiary rulings are typically reviewed for abuse of discretion." *United States v. Pruett*, 681 F.3d 232, 243 (5th Cir. 2012). This review is "heightened" in a criminal proceeding, and the evidence must "be strictly relevant to the particular offense charged". *Id.* (citation omitted). Rule 404(b) admissions are analyzed under the two-prong test outlined in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978). "First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." *Id.*

Scott concedes the relevance of the uncharged returns, and he does not dispute the relevance of the probation conditions. Instead, he focuses on the second prong of the *Beechum* test, contending the probative value of the evidence was substantially outweighed by its prejudicial effect.

The court noted the uncharged returns possessed similar characteristics to the charged returns, including fictitious employers, false dependents, inflated wages, and inflated withholdings. Our court has affirmed the admission of a "substantial" amount of uncharged conduct under Rule 404(b) when the uncharged offenses were the same type of crime as the charged offenses, and "did not overwhelm the charged conduct". *See Pruett*, 681 F.3d

at 244–45.  Moreover, as the Government notes, the uncharged returns were not the type of evidence that plays on the jury's emotions.  *See id.* at 245.

In addition, Scott claims the uncharged-returns evidence was cumulative.  Because he did not raise this issue in district court, review is only for plain error.  *United States v. Lewis*, 796 F.3d 543, 546 (5th Cir. 2015).  The Government showed the uncharged returns were relevant to Scott's intent, a disputed issue at trial.  There is no plain ("clear or obvious") error.

The other contested evidence, the probation conditions, was relevant to Scott's motive, *inter alia,* for forging names on the returns; it was also highly probative of the contested issues of knowledge, intent, and identity.  Therefore, the Government demonstrated reasonable necessity for introducing the terms of Scott's probation judgment.  *See United States v. Baldarrama*, 566 F.2d 560, 568 (5th Cir. 1978).  And, the district court gave limiting instructions to minimize the prejudicial effect of the evidence of Scott's prior conviction and probation judgment.  This court has deemed such instructions "significant" in allaying undue prejudice.  *Beechum*, 582 F.2d at 917.

AFFIRMED.