# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10232
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAFAEL ALMEIDA ZAPATA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-134-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rafael Almeida Zapata appeals his conviction for transporting and shipping child pornography in violation of 18 U.S.C. § 2252A(a)(1). In the factual basis for his guilty plea, Zapata admitted, inter alia, that he "knowingly transported and shipped an image of child pornography … from the internet." He now argues that the factual basis is insufficient because he did not admit that the offense involved media that moved images he produced over state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10232

lines, as § 2252A(a)(1) should be construed to require.  Relying on *Bond v. United States*, 134 S. Ct. 2077 (2014), he contends that a conviction in the absence of such proof impermissibly intrudes upon the police power of the States and offends the Commerce Clause.

"Rule 11(b)(3) requires a district court taking a guilty plea to make certain that the factual conduct admitted by the defendant is sufficient as a matter of law to establish a violation of the statute to which he entered his plea."  *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010) (footnote omitted).  Because Zapata did not raise this claim in the district court, we review for plain error review only.  *See id*.  To establish plain error, Zapata must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id*.

We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography where the materials used in the production were moved in interstate commerce.  *See United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000).  We have also held that the internet is a means of facility of interstate commerce.  *United States v. Barlow*, 568 F.3d 215, 220-21 (5th Cir. 2009).  *Bond* did not abrogate these cases.  *See United States v. McCall*, 833 F.3d 560, 564 (5th Cir. 2016), *cert. denied* 137 S. Ct. 686 (2017).  As Zapata concedes, the district court's finding that there was sufficient factual bases for his guilty plea was not a clear or obvious error in light of this caselaw.  *See Puckett*, 556 U.S. at 135.

No. 17-10232

The judgment of the district court is AFFIRMED. The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.