# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51470
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO ROMERO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:15-CR-497-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Francisco Romero appeals his conviction for production of child pornography, in violation of 18 U.S.C. § 2251(a). According to Romero, his conviction violates the Commerce Clause of the U.S. Constitution because the alleged production of child pornography was purely intrastate and non-economic. In advancing this argument, Romero acknowledges that this court previously has rejected similar Commerce Clause arguments, *see United States*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51470

*v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000) and *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011), but he contends that this court's prior rulings do not govern here, particularly in light of *Bond v. United States*, 134 S. Ct. 2077, 2086 (2014) and *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519, 550 (2012) (*National Federation*).

We review the constitutional challenge de novo. *Kallestad*, 236 F.3d at 227. We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production were moved in interstate commerce. *Dickson*, 632 F.3d at 192; *Kallestad*, 236 F.3d at 226-31. The Supreme Court's decision in *Bond* did not abrogate the holdings of these cases. *See United States v. McCall*, 833 F.3d 560, 564-65 (5th Cir. 2016). Likewise, under the rule of orderliness, "we are not at liberty to overrule our settled precedent because the Supreme Court's decision in *National Federation* did not overrule it." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). Therefore, we are bound by *Kallestad* and *Dickson*, which render Romero's arguments unavailing.

AFFIRMED.