# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JIMMY GORDON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-208-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jimmy Gordon appeals his guilty plea conviction for sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a). Gordon argues that the conduct described in the factual resume supporting his guilty plea was not sufficient to establish the offense of conviction because it did not reflect that a minor engaged in sexually explicit conduct.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10312

Because Gordon did not object to the factual sufficiency of the factual resume in the district court, review is for plain error. *See United States v. McCall*, 833 F.3d 560, 562 (5th Cir. 2016); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Courts employ a six-factor test to determine whether an image depicts sexually explicit conduct. *See United States v. Steen*, 634 F.3d 822, 826 (5th Cir. 2011). A review of those factors in light of the stipulations in the written factual resume, Gordon's admissions at his rearraignment, and the record as a whole, *see Trejo*, 610 F.3d at 313, shows that the district committed no clear or obvious error in finding a sufficient factual basis for Gordon's guilty plea. Specifically, the record supports a conclusion that the focal point of the image in question was the child's uncovered genitalia and that the image was created to be sent to a third party to elicit a sexual response from the viewer. *See McCall,* 833 F.3d at 563–64. Gordon's argument that the factual resume was insufficient because it did not reflect that the minor actively engaged in the sexually explicit conduct is without merit. *See id.* at 563 n.4, 564 n.6.

For the foregoing reasons, the judgment is AFFIRMED.