# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10651
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY EUDEAN WOOLLIS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CR-105-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Anthony Eudean Woollis appeals his conviction for production of child pornography in violation of 18 U.S.C. § 2251(a).  He asserts that § 2251(a) should be construed to require that the offense caused the materials to move in interstate commerce or, at least, that the materials did so in the recent past. Relying on the Supreme Court's decision in *Bond v. United States*, 572 U.S. 844 (2014), Woollis contends that a conviction in the absence of such proof

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10651

impermissibly intrudes upon the police power of the States.  Because Woollis did not admit to these facts, he contends the factual basis for his plea is insufficient under Federal Rule of Criminal Procedure 11.

Plain error review applies to Woollis's forfeited objection to the factual basis for his guilty plea.  *See United States v. Trejo*, 601 F.3d 308, 313 (5th Cir. 2010).  We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production were moved in interstate commerce.  *See United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000).  The Supreme Court's decision in *Bond* did not abrogate the holding of these cases.  *See United States v. McCall*, 833 F.3d 560, 564-65 (5th Cir. 2016).  As Woollis concedes, he cannot show any error in the district court's finding that there was a sufficient factual basis for his guilty plea in light of this case law.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  He raises the issue to preserve it for further review.

Alternatively, Woollis asserts that *Dickson* and *Kallestad* were wrongly decided in light of *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), and that the Commerce Clause does not authorize Congress to impose federal criminal liability where the defendant's conduct is tenuously related to interstate commerce.  Under the rule of orderliness, "we are not at liberty to overrule our settled precedent because the Supreme Court's decision in *National Federation* did not overrule it." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  Therefore, we are bound by *Kallestad* and *Dickson*, which render Woollis's arguments unavailing.

The judgment of the district court is AFFIRMED.  The Government's motions for summary affirmance and, alternatively, for an extension of time to file an appellate brief, are DENIED.