# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 29, 2021

Lyle W. Cayce
Clerk

No. 20-40718
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEITH PRESCOTT GACE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CR-4-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Keith Prescott Gace was convicted by a jury of sexual exploitation of children by producing and attempting to produce child pornography (count one) after he pled guilty to distribution of child pornography (count two); receipt of child pornography (count three); possession of child pornography

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

(count four); and attempted destruction of property (count five).   The district court sentenced him to a total of 1,020 months of imprisonment and a life term of supervised release.

On appeal, Gace argues that the district court abused its discretion under Rule 403 of the Federal Rules of Evidence in admitting images and descriptions of child pornography that, he contends, were highly prejudicial and of limited probative value to count one.  When an evidentiary objection has been properly preserved, it is reviewed for abuse of discretion.  *United States v. Dillon*, 532 F.3d 379, 387 (5th Cir. 2008).  A district court's ruling regarding Rule 403 is reviewed "with an especially high level of deference to the district court, with reversal called for only rarely and only when there has been a clear abuse of discretion."  *Id.* (internal quotation marks and citation omitted).

The district court properly conducted the balancing test under Rule 403 and did not abuse its discretion in determining that the probative value of the challenged evidence substantially outweighed the danger of unfair prejudice.  *See Dillon*, 532 F.3d at 387–89.  The challenged evidence was probative of Gace's intent to produce child pornography of his minor daughter, rather than an artistic family photo as Gace argued.  *See United States v. Lewis*, 796 F.3d 543, 547–48 (5th Cir. 2015); *Dillon*, 532 F.3d at 389. Gace's contention that the Government did not need to introduce the evidence because he offered to stipulate that he pled guilty to possessing and distributing child pornography is unavailing.  *See United States v. Naidoo*, 995 F.3d 367, 376 (5th Cir. 2021); *see also United States v. Caldwell*, 586 F.3d 338, 343 (5th Cir. 2009).   The risk of unfair prejudice was minimal as the challenged evidence was similar to the photographs at issue in count one.  *See Naidoo*, 995 F.3d at 378; *Dillon*, 532 F.3d at 389.  Gace did not show that the amount of time that elapsed between committing the child exploitation offense and the other offenses reduced the probative value of the challenged

evidence. *See United States v. Grimes*, 244 F.3d 375, 384–85 (5th Cir. 2001). Finally, any potential for unfair prejudice was mitigated by the district court's limiting instruction to the jury. *See Naidoo*, 995 F.3d at 378; *Lewis*, 796 F.3d at 548.

Next, Gace argues that the district court erred by failing to give a specific instruction that the jury had to reach a unanimous decision as to whether he actually produced child pornography or attempted to do so. Because Gace did not raise this argument in the district court, our review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court gave a general unanimity instruction, and Gace has not presented any evidence "tending to show that the jury was confused or possessed any difficulty reaching a unanimous verdict." *United States v. Tucker*, 345 F.3d 320, 337 (5th Cir. 2003). Absent such evidence, Gace has not shown that there is any reason to believe that the jury verdict was not unanimous. *See id.* at 336–37. Therefore, he has not shown that the district court made any clear or obvious error by not giving a specific unanimity instruction. *See id.*; *see also United States v. Creech*, 408 F.3d 264, 269 (5th Cir. 2005).

Lastly, Gace argues that in instructing the jury as to whether a depiction constitutes "sexually explicit conduct" under 18 U.S.C. § 2251(a), the district court erred in directing the jury to consider whether the depiction was designed to elicit a sexual response in the viewer as laid out in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), asserting that this *Dost* factor lacks any basis in statute. As he concedes, the district court's instruction followed the Fifth Circuit Pattern Jury Instructions, and the district court did not abuse its discretion. *See United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016); *United States v. Steen*, 634 F.3d 822, 826 (5th

No. 20-40718

Cir. 2011); *United States v. Toure*, 965 F.3d 393, 403 (5th Cir. 2020); Fifth Circuit Pattern Jury Instruction 2.84.

AFFIRMED.