# United States Court of Appeals
# for the Fifth Circuit

————————

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2023

Lyle W. Cayce
Clerk

No. 22-11199
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Brandon Keith Wright,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-635-1

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Brandon Keith Wright appeals his conviction for production of child pornography in violation of 18 U.S.C. § 2251(a). Relying on the Supreme Court's decision in *Bond v. United States*, 572 U.S. 844 (2014), he challenges the sufficiency of the factual basis for his conviction and argues that the district court erred by accepting a guilty plea based on a factual basis that

————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

failed to admit an offense.  The Government contends that Wright is precluded from raising his claim by the appeal waiver in his plea agreement. It argues that, while Wright frames his argument as a challenge to the factual basis, it is really a challenge to the constitutionality of § 2251(a), which he waived in his plea agreement.  We pretermit consideration of the applicability of the appeal waiver and reach the merits.  *See United States v. De Leon*, 915 F.3d 386, 389 n.2 (5th Cir. 2019).  Even if Wright did not waive his arguments, they do not survive plain-error review.

It is well-settled that the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production had been moved in interstate commerce.  *See United States v. McCall*, 833 F.3d 560, 564-65 (5th Cir. 2016); *United States v. Dickson*, 632 F.3d 186, 189-90 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000).  Wright concedes that the cell phone used in his crime moved in interstate or foreign commerce and that his argument on this point is foreclosed by current law.  *See McCall*, 833 F.3d at 564-65.

This court has also previously rejected Wright's alternative argument, based on *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), that the Commerce Clause authorizes Congress to regulate only commercial activity and not activity that is tenuously related to interstate commerce.  *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). Under the rule of orderliness, we are "not at liberty to overrule our settled precedent because the Supreme Court's decision in *National Federation* did not overrule it."  *Id.*

Accordingly, the Government's motion to dismiss the appeal is DENIED and the district court's judgment is AFFIRMED.