# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2024

Lyle W. Cayce
Clerk

No. 23-10865
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RIT TRAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CR-85-1

Before HIGGINBOTHAM, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

Rit Tran pleaded guilty pursuant to a written plea agreement to sexual exploitation of a child for the purpose of producing a visual depiction and receipt of child pornography. He was sentenced to a total 480 months in prison and life terms of supervised release. On appeal, Tran challenges only his conviction for sexual exploitation of a child, arguing for the first time that

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the district court erred by accepting his guilty plea because it was not supported by a sufficient factual basis and that the statute of conviction exceeds Congress's powers under the Commerce Clause. The Government has moved for summary affirmance or, alternatively, for an extension of time to file a brief. Because the Government does not invoke the appeal waiver, it is does not bar this appeal. *See United States v. Wiese*, 896 F.3d 720, 722 n.1 (5th Cir. 2018).

Plain error review applies to Tran's forfeited objection to the factual basis for his guilty plea. *See United States v. Trejo*, 601 F.3d 308, 313 (5th Cir. 2010). We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production were moved in interstate commerce. *See United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011); *United States v. Kallestad*, 236 F.3d 225, 226-31 (5th Cir. 2000). The Supreme Court's decision in *Bond v. United States*, 572 U.S. 844 (2014), did not abrogate the holding of these cases. *See United States v. McCall*, 833 F.3d 560, 564-65 (5th Cir. 2016). As Tran concedes, he cannot show any error in the district court's finding that there was a sufficient factual basis for his guilty plea in light of this case law. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Alternatively, Tran asserts that *Dickson* and *Kallestad* were wrongly decided in light of *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012), and that the Commerce Clause does not authorize Congress to impose federal criminal liability where the defendant's conduct is tenuously related to interstate commerce. Under the rule of orderliness, "we are not at liberty to overrule our settled precedent because the Supreme Court's decision in *National Federation* did not overrule it." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). Therefore, we are bound by *Kallestad* and *Dickson*, which render Tran's arguments unavailing. He raises the arguments to preserve them for further review.

No. 23-10865

Because Tran's arguments are foreclosed, summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the district court's judgment is AFFIRMED, the Government's motion for summary affirmance is GRANTED, and the alternative motion for an extension of time to file an appellee brief is DENIED.