# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50576
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

STEVEN DANIEL WESTE,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-411-1

———————————————

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Steven Daniel Weste appeals his conviction for cyberstalking and sending threatening interstate communications. He challenges the denial of a motion to suppress, contending that the warrantless search of his cell phone while in a halfway house violated the Fourth Amendment. For the first time on appeal, he also argues that the district court should not have admitted the

———————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

telephone evidence because of gaps in the chain of custody following law enforcement's confiscation of the phone.

We review the district court's factual findings for clear error and legal determinations, including the constitutionality of the search, de novo. *See United States v. Alkheqani*, 78 F.4th 707, 715 (5th Cir. 2023). We consider the evidence "in the light most favorable to the party who prevailed in district court," and the "district court's ruling will be upheld if there is any reasonable view of the evidence to support doing so." *Id.* (quotation marks removed).

The district court found that Weste lacked a reasonable expectation of privacy in his cell phone as a resident of a halfway house. Weste disagrees. We need not reach this issue, because we affirm the district court's alternative holding. Even if the warrantless search had been unlawful, any information would have been inevitably discovered during the subsequent lawful search pursuant to a valid search warrant. *See United States v. Walker*, 49 F.4th 903, 909 (5th Cir. 2022).

As for Weste's chain of custody claim, we review for plain error. *See United States v. Lewis*, 796 F.3d 543, 545 (5th Cir. 2015). We have repeatedly held that such claims "go to the weight and not the admissibility of evidence and are properly left to consideration by the jury." *United States v. Doggins*, 633 F.3d 379, 383 (5th Cir. 2011) (quotation marks removed). Here, the Government sufficiently authenticated the evidence to permit its admission and allow any doubts about its veracity to be aired before the jury, as they were. There was no error, plain or otherwise.

The judgment of the district court is AFFIRMED.